DE FOREST RADIO TELEPHONE & TELEGRAPH CO. v. STANDARD
OIL CO. OF NEW YORK.

(Circuit Court of Appeals, Second Circuit. November 14, 1916.)

No. 71.

CONTRACTS ⊜⇒83—SALES—CONSIDERATION—ACTION FOR PRICE—INJUNCTION
AGAINST USE.

The contract by which plaintiff sold to and installed for defendant
wireless apparatus for immediate use is abrogated, and defendant re-
lieved of liability for price; it having by injunction in infringement suit
been deprived of the use, which plaintiff cannot furnish, unless the in-
junction order affirmed by the Circuit Court of Appeals be vacated, and
defendant having returned the apparatus.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 388–398; Dec.
Dig. ⊜⇒83.]

In Error to the District Court of the United States for the Southern
District of New York.

Action by the De Forest Radio Telephone & Telegraph Company
against the Standard Oil Company of New York. Judgment for de-
fendant, and plaintiff brings error. Affirmed.

Joseph S. Frank, of New York City, for plaintiff in error.

Morton L. Fearey and Joseph M. Cormack, both of New York City,
for defendant in error.

Before COXE, ROGERS, and HOUGH, Circuit Judges.

COXE, Circuit Judge. This cause comes here on writ of error to
review a judgment in favor of the Standard Oil Company, which judg-
ment dismissed the complaint of the De Forest Company. The action
was brought to recover $10,000, the purchase price of five sets of
wireless apparatus installed on the defendant's vessels. The defense
is that the apparatus so installed is an infringement of patents belong-
ing to the Marconi Wireless Company, and that the defendant here-
in has been enjoined from using the apparatus and, pursuant to the
command of the injunction, has stopped using the apparatus and has
returned it to the plaintiff with the exception of some of the heavier
parts which the defendant retained at the plaintiff's request. The or-
der enjoining the use of the apparatus was affirmed by this court. Mar-
coni Wireless Tel. Co. v. De Forest R. Tel. & Tel. Co., 225 Fed. 373,
140 C. C. A. 637.

The situation seems perfectly clear from a common sense point of
view. The defendant installed the wireless on its boats for immediate
use; it has been deprived of that use for two years and the prospect
of securing it in the future is, to say the least, exceedingly doubtful.
The defendant is asked to pay for something which it has never re-
ceived and which it is prohibited from using. In such circumstances
it seems to us that the contract is abrogated and the defendant should
not be required to pay with the remote prospect of recovering the
amount so paid or the use of the apparatus at sometime in the distant

future. The defendant contracted for a wireless installment on each of its five boats and there was a warranty, express or implied, that it should have a right to use what it purchased. It has not received what the plaintiff agreed to furnish and what it cannot furnish except some-time in the future and then only in the event that the injunction order affirmed by this court is vacated.

We think the defendant was fully justified in refusing to pay in such circumstances. The judgment is affirmed with costs.