NEW ERA ELECTRIC RANGE COMPANY, Appellant, LEMUEL W. SERRELL et al., Respondents.

108 

(Argued October 8, 1929; decided November 19, 1929.)

*Eugene S. Bibb* for appellant. The State court has jurisdiction of the subject-matter of this action. (*Allison* v. *Hart*, 56 Hun, 282; *Annin* v. *Wren*, 44 Hun, 352; *Wittemann Bros.* v. *Wittemann Co.*, 151 N. Y. Supp. 816; *Wise* v. *Tube Bending Machine Co.*, 194 N. Y. 272; *Hartell* v. *Tilghman*, 99 U. S. 547; *Wilson* v. *Sandforth*, 10 How. [U. S.] 99; *Brown* v. *Shannon*, 20 How. [U. S.] 56; *Albright* v. *Teas*, 16 Otto, 613; *Blanchard* v. *Sprague*, 1 Cliff. 288; *New Marshall Engine Co.* v. *Marshall Engine Co.*, 223 U. S. 473; *Merserole* v. *Union Paper Collar Co.*, Fed. Cas. No. 9,488; *Pratt* v. *Paris Gas Light & Coke Co.*, 168 U. S. 255.) The complaint states a cause of action against all of the other defendants. (*Farmers Loan & Trust Co.* v. *Meyers*, 222 App. Div. 123; *Matter of Boone*, 83 Fed. Rep. 944.)

*Andrew F. Murray* and *Junius Pendleton Wilson* for Arthur H. Serrell et al., respondents. The State court has no jurisdiction of the subject-matter of this action. (*Wise* v. *Tube Bending Machine Co.*, 194 N. Y. 272; *Pratt* v. *Paris Gas Light & Coke Co.*, 168 U. S. 255; *Standard . Scale & Foundry Co.* v. *McDonald*, 127 Fed. Rep. 709; *Kennedy* v. *Hazelton*, 128 U. S. 667; *Brewer-Titchener Corp.* v. *American Forging & Socket Co.*, 300 Fed. Rep. 335; *Hat Sweat Mfg. Co.* v. *Reinoehl*, 102 N. Y. 167; *Excelsior W. P. Co.* v. *Pacific Bridge Co.*, 185 U. S.

282; *Luckett* v. *Delpark*, 270 U. S. 496.) The complaint does not state a cause of action against other defendants. (*Townsend* v. *Bogert*, 126 N. Y. 307; *Simar* v. *Canaday*, 53 N. Y. 298; *Kelly* v. *Gould*, 141 N Y. 596; *Comstock* v. *Aimes*, 1 Abb. Ct. App. Dec. 416.)

*H. Howard Babcock* for Lemuel W. Serrell, respondent, and *Frank W. Harris* for Serelco, Inc., respondent. The State court has no jurisdiction of the subject-matter of this suit. (*Wise* v. *Tube Bending Machine Co.*, 194 N. Y. 278; *Pratt* v. *Paris Gas Light & Coke Co.*, 168 U. S. 255.)

LEHMAN, J. The complaint alleges that on December 29, 1925, the defendant Lemuel W. Serrell obtained a patent upon a device invented by him and that he is now about to offer or is offering for sale commercially the said invention and device. The plaintiff claims that it is the owner of the device invented by Lemuel W. Serrell, and seeks a judgment directing the defendants to assign to it all their rights or interests in and to the patent and the invention and device covered thereby. It also seeks an injunction against the defendants' " manufacturing, causing to be manufactured, using, dealing in, offering for sale or selling said invention and device or any part thereof."

The defendants moved to dismiss the complaint " on the ground that it appears on the face of the complaint that it does not state facts sufficient to constitute a cause of action and on the ground that it appears on the face of the complaint that the court has no jurisdiction of the subject of the action." The motion was granted on the ground that the courts of the United States have sole jurisdiction of the subject of the action.

The plaintiff's cause of action is based upon the allegations that in July, 1924, the defendant Lemuel W. Serrell filed an application for letters patent upon the device invented by him, and simultaneously with the execution by him of that application, he, " for a valuable consideration, assigned unconditionally his entire right, title and

interest in and to said device and invention and patent application * * * to Serrell Electric Appliance Corporation, a Delaware corporation." . While that application was still pending, the corporation was adjudicated a bankrupt. On the 18th day of June, 1926, " said invention, device and said patent application * * * was duly sold to the plaintiff by the owner thereof, said Lloyd Garrison, as Trustee in Bankruptcy of Serrell Electric Appliance Corporation." At that time the original application had lapsed and upon a new application for letters patent upon the same identical device and invention Lemuel W. Serrell obtained the patent, which the plaintiff seeks to have assigned to it, and he is now offering the said invention and device for sale.

The complaint contains many additional allegations intended to show that after the original application was assigned to Serrell Electric Appliance Corporation, its subsequent abandonment or lapse was caused by the fault of Lemuel W. Serrell; that Serrell's second application was fraudulent and based upon a false affidavit; that when the plaintiff, upon petition to the Commissioner of Patents, attempted to revive the original patent application, the petition was rejected because it conflicted with the patent granted to the defendant Lemuel W. Serrell. We may for the moment disregard these allegations as surplusage; for even without them the complaint contains a complete cause of action against Lemuel W. Serrell.

If the plaintiff can establish his allegations that Lemuel W. Serrell invented a device and assigned the device and invention to a corporation; that thereafter the plaintiff became the owner of the device and invention by assignment from the trustee in bankruptcy of the corporation, and that Serrell wrongfully obtained a patent upon the same device and invention which he had previously assigned, and is now offering said invention and device for sale, then the plaintiff will establish a cause of action,

at least against Lemuel W. Serrell. The plaintiff's title to a device invented by Lemuel W. Serrell is derived from an assignment by the inventor made before the invention was patented. Upon principles well established in the common law an inventor has, independent of letters patent, an exclusive property in his invention, until by publication it becomes the property of the public. Courts of common-law jurisdiction protect that property. (*Tabor* v. *Hoffman*, 118 N. Y. 30.) Like other property rights, it is assignable, and " since an assignment as effectively divests the inventor of his rights as though the invention were a chattel, he is bound to leave the assignee free to deal with the invention as he wills." (Per LEARNED HAND, J., in *Garfield* v. *Western Electric Co., Inc.*, 298 Fed. Rep. 659.) Here, according to the allegations of the complaint, the assignor has not left " the assignee free to deal with the invention as he wills." Not only has he wrongfully obtained for himself a patent upon the invention but he is offering said invention and device for sale. No party seriously contends that, if these allegations are true, such acts by the inventor in derogation of the property rights which he assigned are not wrongful, or that a wronged assignee may not find a remedy in a court of competent jurisdiction.

We are told that only the courts of the United States have jurisdiction over the subject-matter of the action. The courts of the United States have jurisdiction, exclusive of the courts of the several States, " of all cases arising under the patent right, or copyright laws of the United States." (Judicial Code, section 256.) Here the plaintiff seeks protection for a property right, which it has received by assignment, against wrongful acts of the assignor. The complaint discloses that the assignor has obtained a patent upon a device which the plaintiff claims is the device assigned to it. Doubtless if, at the trial, it appears that the defendants' patent is not upon the same identical invention or device which

the plaintiff owns and that the defendant is offering for sale only the invention and device covered by the patent, then the plaintiff's cause of action must fall. We may surmise that when the issues are defined by the answer of defendants, the result of the trial will be dependent upon the question of the identity of the device patented and the device covered by the first application which was assigned by the defendant. Intricate questions similar to those which arise in actions under the patent rights law may be involved, and it is argued that only the Federal courts may determine such questions.

The jurisdiction of the State courts is not so circumscribed that it may not determine *questions* arising under the patent rights law when merely incidental to *cases* which do not arise under that law. " There is a clear distinction between a case and a question arising under the patent laws. The former arises when the plaintiff in his opening pleading — be it a bill, complaint or declaration — sets up a right under the patent laws as ground for a recovery. Of such the State courts have no jurisdiction. The latter may appear in the plea or answer or in the testimony. The determination of such question is not beyond the competency of the State tribunals." (*Pratt* v. *Paris Gas Light & Coke Co.*, 168 U. S. 255.)

Here the plaintiff's alleged title is to the device or invention assigned by the inventor. It does not arise through the patent rights law, nor can it be defeated, by any construction of the patent law. If the patent issued to the defendant Lemuel W. Serrell after the assignment is valid, then by reason of the prior assignment of the invention and device, the plaintiff claims that, on general principles of equity, the patent belongs to it. If the patent subsequently issued to the defendant is invalid, then the void patent can afford no protection to the defendants for any invasion of the plaintiff's property in the invention and device assigned to it. The courts of

this State are not asked to revise any action of the Commissioner of Patents. They are asked to pass upon the plaintiff's alleged title to a device or invention based solely upon an assignment, and questions of title to an invention or device based upon assignment or upon general equitable principles are within the jurisdiction of the courts of the State, even when the invention is covered by a patent. (*Marsh* v. *Nichols, Shepard & Co.*, 140 U. S. 344; *New Marshall Engine Co.* v. *Marshall Engine Co.*, 223 U. S. 473; *Binney* v. *Annan*, 107 Mass. 94.) The recent decision of the Supreme Court of the United States in *Becher* v. *Contoure Laboratories, Inc.* (279 U. S. 388) is in principle direct authority for the plaintiff's contentions. (See, also, same case reported in 29 Fed. Rep. [2d] 31.)

The defendant Serrell urges that even if the State courts have jurisdiction of the subject of the action, the complaint is defective, since it shows on its face that Serrell's patent is invalid and the courts cannot decree the assignment of a void patent. (*Kennedy* v. *Hazelton*, 128 U. S. 667.)

The complaint does contain allegations that Serrell's patent was issued upon an application containing statements that are false. We do not pass upon the question of whether these allegations show that the patent is void. If the patent is void, then an assignment of the void patent would be vain. Even if we assume that the patent is void, the court could still grant relief against the defendants' alleged interference with any device or invention owned by the plaintiff, by manufacture or sale of the device.

We are not concerned now with any argument that the plaintiff's claim of the identity of the device assigned by Lemuel W. Serrell and the device upon which a patent has been issued subsequently is negatived by certain allegations of the complaint. At most it may be said that the nature of these allegations may raise doubt as to whether the plaintiff can prove its cause of action.

We are concerned only with the sufficiency of the complaint.

So far we have considered only the sufficiency of the complaint against Lemuel W. Serrell. It is not clear that the complaint alleges a complete cause of action against some of the other defendants. The complaint does, however, state that such defendants " claim interest in said patent and device, the nature and details of which has not been disclosed to the plaintiff." These defendants are, therefore, proper parties to an equitable action. (*Delcambre* v. *Delcambre*, 210 N. Y. 460.)

The judgment of the Appellate Division and of the Special Term should be reversed, with costs to the appellant in all courts and the motion to dismiss the complaint denied, with ten dollars costs.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgments reversed, etc.