## CHESTIGREEN PATENTS CORPORATION v. WESTERN ELECTRIC CO., Inc., et al.

District Court, S. D. New York.
Oct. 13, 1936.

Sapinsley & Lukas, of New York City, for plaintiff.

John H. Ray and Homer H. Breland, both of New York City, for defendant Western Electric Co., Inc.

Hall, Cunningham, Jackson & Haywood, of New York City (Francis G. Hoyt, of New York City, of counsel), for defendant Rudolph S. Rauch.

LEIBELL, District Judge.

Plaintiff moves for an order remanding this action to the Supreme Court of the state of New York, county of New York.

When the action was instituted in the state court, the summons and complaint were served upon only one of the defendants, Western Electric Company, Inc., which appeared and answered. The plaintiff is a New York corporation, and said defendant, Western Electric Company, Inc., is also a New York corporation.

Subsequently the defendant Rudolph S. Rauch, a citizen and resident of the state of Pennsylvania, voluntarily appeared in this action in the New York Supreme Court and immediately applied in the state court for an order removing the action to the United States District Court for the Southern District of New York. One basis for the defendant Rauch's application for the removal of the action from the state court to the federal court was that there is embodied in the cause of action set forth in the complaint a separable controversy which is wholly between citizens of dif-

ferent states and which can be fully determined as between them, to wit, between plaintiff, a resident and citizen of New York, and the defendant Rauch, a resident and citizen of the state of Pennsylvania. The court does not agree with this contention.

The defendant Rauch also urged in his petition in the state court for removal to the federal court that the claimed separable controversy between the plaintiff and himself could be completely determined without the presence of the other defendant, Western Electric Company, Inc., and that said other defendant was neither an indispensable nor a necessary party to the complete determination of said controversy.

The defendant Rauch also alleged that there was set forth in the complaint a federal question arising under section 4898 of the United States Revised Statutes (as amended, 35 U.S.C.A. § 47) and that a certain agreement in relation to certain patents, which was attached as Exhibit A to the complaint, was never recorded as provided in said section. But in their briefs on this motion defendants seem to have abandoned that point.

In the opinion of this court, there is no ground for the contention that a federal question is set forth in the complaint. The suit is based on a contract (Exhibit A), of which certain patents were the subject matter, and the case arises on said contract, or out of said contract, and not under the patent laws. See Dale Tile Mfg. Co. v. Hyatt, 125 U.S. 46, 8 S.Ct. 756, 31 L.Ed. 683. The state court has jurisdiction in such a case. See New Era Electric Range Co. v. Serrell, 252 N.Y. 107, 169 N. E. 105; Pratt v. Paris Gaslight & Coke Co., 168 U.S. 255, 18 S.Ct. 62, 42 L.Ed. 458.

Before discussing the other contentions of defendant Rauch, it should be noted that the plaintiff herein sues as the assignee of one Lassiter, at all times a citizen and resident of the state of Pennsylvania, who entered into the contract (Exhibit A) to which the defendant Rauch was the only other party. Plaintiff is the assignee of Lassiter's rights and interest in and to certain applications for patents, and "the claim, demand and cause of action of Lassiter against the defendants and each of them arising out of, and by reason of said contract," and arising out of the facts set forth in the complaint in relation to the defendants' conduct in respect to said con-

tract (Exhibit A) in disregard of Lassiter's known rights in respect thereto.

The complaint alleges that Lassiter, as an inventor, had filed applications for five patents therein mentioned, relating to talking motion picture apparatus, sound-on-film reproducing apparatus, and audio frequency amplification, and that he had filed applications for certain television inventions. Rauch had loaned him $1,400, and he had assigned to Rauch a 20 per cent. interest in said applications with a power of attorney over the same. Lassiter needed more money, and Rauch advanced an additional $5,000, for which Lassiter agreed to assign to Rauch an additional 25 per cent. undivided interest in said patent applications and to place all of the said applications in the name of Rauch for the benefit of both Lassiter and Rauch. Rauch was to have the right to sell any or all of said applications, with the consent and approval of Lassiter, and in the event that no sale could be made prior to May 1, 1933, sufficient to net Rauch the $6,400 he had advanced, the entire beneficial interest in two of said patent applications for sound-on-film reproducing apparatus was to belong to Rauch, and Lassiter's right in said two applications was to be forfeited and lost. Rauch's attorneys prepared a written assignment of all said patent applications which Lassiter signed, and they also prepared a certain agreement (Exhibit A) which Lassiter also signed, believing it embodied the terms of his agreement with Rauch.

Lassiter contends that said written agreement, Exhibit A, did not correctly represent the true agreement between him and Rauch because it purported to cause to be forfeited unto Rauch all of the patent applications, instead of only two, in the event that Rauch did not get his $6,400 back by a certain date. The complaint pleads that this was brought about through fraud and misrepresentation on the part of Rauch, and through the ignorance and mistake of Lassiter, who was not represented by any attorney.

It is also alleged that prior to May 1, 1933, in consideration of Lassiter continuing his efforts to sell the patent applications and continuing his research work in connection therewith, the time for payment without forfeiture was waived by Rauch and extended without date.

It is further alleged in the complaint that the defendant Western Electric Com-

626

pany, Inc., knew of Lassiter's real interest in said patent applications, 55 per cent., by reason of negotiations that Lassiter had with that company for the purpose of selling to it all of said patent applications, and that despite this knowledge the said defendant purchased from Rauch the three patent applications that were never subject to forfeiture, for $12,000, and that in making said deal the defendants wholly repudiated any right of Lassiter to said patent applications and of plaintiff as Lassiter's assignee.

The above allegations were repeated in a second cause of action in the complaint and there was added thereto an allegation that the "forfeiture clause" was and is wholly void, illegal, and unenforceable.

The prayer for relief asks that it be adjudged and decreed that the interest of the two defendants in three of the patents is only 45 per cent.; that the defendant Western Electric Company, Inc., received its assignment from Rauch with full knowledge thereof; that the Western Electric Company, Inc., holds only a 45 per cent. interest for itself and the remainder thereof for the benefit of plaintiff, as assignee of Lassiter; that the forfeiture clause be declared null and void; and, further, that it was not intended to include any patent applications except two; that the Western Electric Company be enjoined from transferring or dealing in three of the patent applications; that Rauch account to plaintiff for any moneys he received from Western Electric Company; and that plaintiff have other and further relief.

In the opinion of the court, an examination of the complaint does not disclose that a separable controversy exists between plaintiff and defendant Rauch. See Salem Trust Co. v. Manufacturers' Finance Co., 264 U.S. 182, 44 S.Ct. 266, 68 L.Ed. 628, 31 A.L.R. 867. The whole subject matter of the controversy could not be finally determined and complete relief afforded without the presence of the defendant Western Electric Company, Inc. Simpkins, Federal Practice, § 1168; Meyer Bros. Drug Co. v. Dollar Steamship Line et al. (D.C.) 44 F.(2d) 57.

Further, assuming a separable controversy existed as between plaintiff and defendant Rauch, it could not have been sued on in the first instance in the federal court, because plaintiff's assignor (Lassiter) and Rauch were and are both citi-zens and residents of the same state, Pennsylvania. The residence and citizenship of Lassiter (the assignor of the chose in action), and not that of the plaintiff (the assignee), determines the jurisdiction of the federal court. Simpkins, Federal Practice, § 1180; Lipschitz v. Napa Fruit Co. (C.C.A.2) 223 F. 698.

Plaintiff is the assignee of a chose in action within the meaning of section 41 (1) (c) of title 28 United States Code (28 U.S.C.A. § 41(1) (c). See Brown v. Fletcher, 235 U.S. 589, 35 S.Ct. 154, 59 L. Ed. 374, wherein the distinction between an assignment of a right or interest in property and an assignment of a chose in action was discussed.

Plaintiff's motion to remand this action to the state court is granted.