## GILBERT v. GENERAL MOTORS CORPORATION.

### No. 220.

District Court, W. D. New York.

Feb. 5, 1940.

See, also, D.C.D.C., 1 F.R.D. 101.

Frank Keiper, of Rochester, N. Y., for plaintiff.

Falk, Phillips, Twelvetrees & Falk, of Buffalo, N. Y. (Drury W. Cooper and Allan C. Bakewell, both of New York City, of counsel), for defendant.

KNIGHT, District Judge.

Motion is made to dismiss the amended complaint in this action on the ground that it does not state facts sufficient to constitute a cause of action.

The complaint alleges that plaintiff, having invented an automatic starting switch for automobiles in 1924, upon which he secured Patent No. 1,635,078, and having in 1929 invented an improvement thereon, did, in 1931, disclose said improvement to the defendant through its Rochester, New York, subsidiary, in confidence. The defendant examined and tested the invention at length and declined to interest itself in it. Plaintiff, on October 13, 1931, applied for patent upon the improvement. It is alleged that thereafter the defendant caused one Dyer, an employee, to design a modified form of the invention and on November 19, 1932, to file application for patent thereon for the benefit of defendant; that in November, 1931, plaintiff also disclosed the invention to a subsidiary of defendant at Detroit, Michigan, and upon being referred to a third subsidiary at Anderson, Indiana, disclosed said invention through furnishing a copy of his patent, a copy of his application for improvement patent and a switch embodying the features of the patent.

Defendant then wrote plaintiff stating that a number of applications of a similar nature had been filed and asking for his invention date. It is claimed that defendant's letter was misleading in that it was intended to discourage plaintiff by leading him to believe that a number of applications for similar devices were on file. It is further alleged that by its silence, after being notified of plaintiff's filing date, defendant led plaintiff to believe that he was not the first inventor, and that since patent applications are kept secret he was forced to rely on defendant's discouraging statement and believed that it was true. . It is alleged that at the time of the disclosure defendant knew that no application for a device similar to that of plaintiff had been filed prior to plaintiff's application and did not know anything to the contrary.

Upon other applications subsequently filed, an interference was declared and was subsequently redeclared to bring in other applications, at least one of the applicants being advised by defendant to include the interference claim in a pending application, but plaintiff, though he should have been included in the interference proceedings, in which he was senior, was not included by the patent office, nor was he notified of the interference by defendant although defendant or its attorneys had a copy of the plaintiff's specifications and knew that said application should have been included, nor did defendant notify the patent office of plaintiff's right to be included in the interference proceeding. By reason of such action of defendant, plaintiff did not file the required statement in the interference proceedings and lost valuable rights in the patent office. Defendant bought up the rights to the interference applications, or some of them, and has used such rights to prevent the granting in the patent office of the applications of plaintiff for permission to file a preliminary statement so as to have an interference declared between his application and the patent granted to Lachapelle, so as to secure a decision as to whether plaintiff was the prior inventor.

There follow allegations that defendant has made substantial use of devices embodying the principles of plaintiff's invention without notice to plaintiff and without offer to pay plaintiff for the use of such invention to the profit of defendant and injury to plaintiff. By reason of the disclosures alleged, plaintiff asserts the establishment of a relationship of trust and confidence between defendant and plaintiff whereby defendant was obligated not to use the invention without payment therefor to plaintiff, and that defendant has abused such relation and acted in bad faith, dishonestly and fraudulently in its use of

504

plaintiff's invention. By improper inclusion of the interference count in the Dyer application, defendant is charged to have become an interference party with unclean hands, whereby it obtained knowledge of the applications of Lachapelle and Saxe, and was able to acquire such applications and conceal its ownership therein, while procuring through Dyer patents on several improvements of the device. ·

Plaintiff's prayer for relief includes request for certain discoveries of documents and information, a decree that plaintiff was the inventor of the invention described in the interference count and that defendant is an infringer, has acted in bad faith and abused plaintiff's confidential disclosure, has maliciously prosecuted plaintiff through its use of the Dyer application and its prevention of the issue of a patent to plaintiff. It also requests an order restraining defendant from manufacture, use or sale of the invention, directing the turning over of all models, papers, drawings and all switches in its possession, assignment of all patents or applications filed or taken out by Dyer, Lachapelle and Saxe, accounting for all profits or a reasonable royalty on all devices made, used or sold, payment of damages resulting from its fraudulent conduct and the expense of litigation in the patent office, payment of the value of plaintiff's invention and the costs of this action.

Defendant contends that the complaint is insufficient inasmuch as it fails to allege any agreement by defendant to treat the disclosure as confidential and secret but shows a voluntary disclosure of an invention which plaintiff has elected to protect by patent but upon which his application has not been pursued to the granting of a patent. This action is based upon the improvement, allegedly invented by plaintiff, of a starting switch upon which a patent had previously been obtained. It is not a suit upon a patent since none has issued upon such improvement.

■ Were this an action for infringement brought merely under color of an application upon which patent rights had not yet been granted, this motion would nec-

essarily be granted. Gayler et al. v. Wilder, 10 How. 477, 13 L.Ed. 504. However, where a breach of a trade secret or use of disclosures made under an agreement of secrecy or confidence is properly alleged, a cause of action lies to secure to the wronged party the damages suffered by reason of the abuse of the confidential relation. DuPont Powder Co. v. Masland, 244 U.S. 100, 37 S.Ct. 575, 61 L.Ed. 1016; Chesapeake & Ohio Ry. Co. v. Kaltenbach, 4 Cir., 95 F.2d 801; Booth v. Stutz Motor Car Co. of America, 7 Cir., 56 F.2d 962; Shellmar Products Co. v. Allen-Qualley Co., 7 Cir., 36 F.2d 623; Murjahn v. Hall, C.C., 119 F. 186. While in Hoeltke v. C. M. Kemp Mfg. Co., 4 Cir., 80 F.2d 912, the action was brought after the issue of a patent to Hoeltke, the case is not in conflict with the cases last cited. Indeed, in Becher v. Contoure Laboratories, 2 Cir., 29 F.2d 31, it was held that the patent itself was not involved but only the relation of trust and confidence. New Era Electric Range Co. v. Serrell, 252 N.Y. 107, 169 N.E. 105, illustrates the right of the owner of a device to maintain action for wrongful use thereof by another to whom it has been disclosed in confidence even though the patent might be void.

■■ However, the defendant contends that, even though the action lie, plaintiff has not sufficiently pleaded any agreement on the part of defendant to receive the disclosure in confidence. A plaintiff is not required to plead his evidence. The present allegation that the disclosure was made in confidence is sufficient allegation to withstand this motion.

There is no inconsistency between this remedy and an action which might be brought after the issue of a patent. Plaintiff would then have a remedy based upon his patent rights in addition to such as he now alleges based upon a confidential disclosure. For the use prior to the issue of the patent, and it is alleged to run over a million units, plaintiff will have no remedy unless he is able to maintain this action. The motion to dismiss the complaint is denied.