GEORGE A. MANNING and NELLIE MANNING, Respondents, *v.* WOODBURY SILLOWAY and Others, Appellants.

Fourth Department, January 8, 1941.

*Annabel & Wightman* [*Alton J. Wightman* of counsel], for the appellants.

*W. Earle Costello,* for the respondents.

PER CURIAM. Grover C. Hoffman of New York city invented a formula and process for the treatment of paper so that it could be manufactured into certain articles ordinarily made of cloth. On January 18, 1938, a patent was issued to him for such process. The method specified in the formula was to combine glycerine, alcohol and water with talcum powder as a solid suspended therein. This was a new method in the treatment and processing of paper and rendered the paper clothlike.

While Hoffman's application for a patent was pending, the plaintiff George A. Manning became acquainted with him, and on September 25, 1936, they entered into an agreement for the purpose of promoting the sale of the Hoffman patent. Manning familiarized himself with Hoffman's formula and treated paper by the use of such formula. The business relations between the two were canceled by Hoffman on March 5, 1937.

The plaintiff George A. Manning and the defendants Silloway and Lanning met at a hotel in the city of Corning, N. Y., on Febru-

ary 20, 1939. Manning told those defendants that he and his wife, Nellie Manning, were the inventors and owners of a formula and process for the treatment and processing of paper so that it could be used as a substitute for cloth in the manufacture of certain articles; also that the formula and process were secret.

On the 22d day of February, 1939, the plaintiff George A. Manning and the defendants Silloway and Lanning entered into an agreement providing for the formation of a corporation to process and manufacture paper by the use of plaintiffs' formula and process, and providing for the issuance of stock therein to the several parties to the agreement. They entered into a supplemental agreement on March 2, 1939, specifying the officers of the proposed corporation and prescribing their powers and duties.

On March 16, 1939, the parties to the action, excepting the defendant corporation, entered into an agreement in which they canceled the two previous agreements and in which the Mannings relinquished their rights and interests in the corporation and leased the formula and process to the defendants in consideration of the payment to the plaintiffs of the sum of $10,000, within a period of six months, and also payment to the plaintiffs of a specified royalty on all products manufactured and sold.

This action is brought to recover under such third contract the amount agreed therein to be paid by the defendants to the plaintiffs.

Shortly after the execution of the second agreement the individual defendants caused the defendant corporation to be organized under the laws of the State of Delaware. At the time of the execution of the third agreement the corporation had not been authorized to do business in the State of New York; no stock had been issued or authorized; it did not own any property; it did not have any assets whatsoever and it was organized solely at the expense of the individual defendants.

The formula claimed to have been invented by the plaintiffs consisted of a combination of glycerine, alcohol and water, with cornstarch as a solid suspended therein. The combination of the elements of alcohol, glycerine and water form a true solution, and neither cornstarch nor talcum powder will completely dissolve in the solution. Cornstarch and talcum powder as used in the two processes are equivalents.

Manning copied the Hoffman formula and substituted cornstarch for talcum powder. He claims to have perfected his invention on March 15, 1937.

If the Manning formula is an infringement of the Hoffman patent, then it may not be used and has not any value and there would be an entire lack of consideration for the execution and delivery of the three contracts.

The question of infringement is incidental to the question as to whether the contract sued upon is valid, and may be passed upon in this action. (*New Era Electric Range Co.* v. *Serrell,* 252 N. Y. 107.)

Whether the plaintiffs' formula is an infringement of the Hoffman patent is a question of fact. (*Hyndman* v. *Roots,* 97 U. S. 224.)

Cornstarch in plaintiffs' formula performs substantially the same function as talcum powder does in the Hoffman process, in substantially the same way and obtains the same result. Therefore, the plaintiffs' formula is an infringement of the Hoffman patent. (*Sanitary Refrigerator Co.* v. *Winters,* 280 U. S. 30, 41, 42; *Polygon Products Corp.* v. *Kant-Rust Products Corp.,* 292 Fed. 569 [Circuit Court of Appeals]; *Goldschmidt Thermit Co.* v. *Primos Chemical Co.,* Id. 362; certiorari denied, 263 U. S. 719; *Donner* v. *Sheer Pharmacal Corp.,* 64 F. [2d] 217; *Tilghman* v. *Proctor,* 102 U. S. 707; *Schwarzwalder* v. *New York Filter Co.,* 66 Fed. 152.)

However, even if the Manning formula should be considered as an improvement of the Hoffman patent, still the Mannings did not have the right to use the same without the consent of Hoffman, the owner of the original patent. (*Temco Co.* v. *Apco Co.,* 275 U. S. 319, 328.)

There was an implied agreement by plaintiffs that the Manning formula could be used immediately. As a matter of law there was an implied warranty that the defendants should have the right to use what they purchased. The fact that the Manning formula could not be used constitutes a lack of consideration which makes the three contracts void. (*DeForest Radio T. & T. Co.* v. *Standard Oil Co.,* 238 Fed. 346; *Flandrow* v. *Hammond,* 148 N. Y. 129.)

As the defendants do not ask in their brief that they be allowed the amount demanded in their counterclaim, we are not passing upon the question of their right to recover such amount.

The judgment should be reversed on the law and facts, with costs, and the complaint dismissed, with costs. Certain findings of fact disapproved and reversed and new findings and conclusions of law made.

All concur. Present — Cunningham, Taylor, Dowling, Harris and McCurn, JJ.

Judgment reversed on the law and facts, with costs, and complaint dismissed, with costs. Certain findings of fact disapproved and reversed and new findings and conclusions of law made.