G. SCHIRMER, INC., Plaintiff, *v.* ROBBINS MUSIC CORPORATION and DOMENICO SAVINO, Defendants.

Supreme Court, Special Term, New York County, April 23, 1941.

*Gilbert & Gilbert* [*Francis Gilbert* and *Godfrey Cohen* of counsel], for the plaintiff.

*Julian T. Abeles* [*Arnold J. Bernstein* of counsel], for the defendants.

WASSERVOGEL, J. Defendants move to dismiss the complaint herein on the grounds (1) that the court has no jurisdiction of the action, and (2) that the complaint does not state a cause of action.

The complaint alleges in substance that on the 15th day of July, 1912, defendant Savino entered into a contract with G. Schirmer, the predecessor of G. Schirmer, Inc., the plaintiff in this action, whereby Savino conveyed certain musical compositions to plaintiff's predecessor, who, in turn, agreed to publish same and to pay Savino a stipulated royalty. The agreement provided not only for the conveyance of the musical compositions for the first term of the copyright which under the Federal statute was twenty-eight years, but also for the conveyance of the renewal term of copyright. The renewal term of copyright commences at the expiration of the first term and continues for an additional term of twenty-eight years. The complaint further alleges that

when the first term of copyright expired Savino made application for and secured the renewal copyright in his name, but refused to carry out his agreement with plaintiff, notwithstanding that plaintiff had in all respects performed all of the terms of the contract on its part. It is also alleged that Savino assigned such renewal copyright to defendant Robbins Music Corporation, and defendant Robbins Music Corporation accepted such assignment notwithstanding that it had full knowledge of plaintiff's rights.

Defendants contend that this court has no jurisdiction of this action because the issue raised by the complaint involves the construction of a Federal statute. Examination of the complaint, however, indicates that it is not based upon any Federal statute. It is based upon a contract for breach of which specific performance is asked. No construction of any Federal statute is required nor is the validity of any copyright or renewal copyright in question. This court has the power to adjudicate rights under a contract notwithstanding that the contract may affect or involve patents or copyrights or Federal statutes. (*New Era Electric Range Co.* v. *Serrell*, 252 N. Y. 107.)

The defendants also contend that the complaint does not state a cause of action because the contract pleaded is unenforcible. It is the defendants' theory that the Copyright Act by implication prohibits an author from assigning or alienating the renewal copyright until he has become possessed of the same at the end of the first term of the copyright. They claim that because defendant Savino attempted to assign his renewal copyright *in futuro*, the contract of assignment, " Exhibit A " of the complaint, is invalid and unenforcible. This precise question has recently been decided adversely to such contention by Judge CONGER of the United States District Court for the Southern District of New York in the case of *M. Whitmark & Sons* v. *Fred Fisher Music Co., Inc.* (38 F. Supp. 72). This court is constrained to follow this decision.

Motion to dismiss the complaint is denied, with leave to defendants to answer within ten days after service of a copy of this order, with notice of entry. Order signed.