## INTERNATIONAL CARRIER–CALL & TELEVISION CORPORATION v. RADIO CORPORATION OF AMERICA.

District Court, S. D. New York.

July 16, 1943.

L. Stewart Gatter and Edmund M. Squire, both of New York City, for plaintiff.

Wright, Gordon, Zachry, Parlin & Cahill, Fred J. Knauer, Lawrence J. McKay, and John B. Cunningham, all of New York City, for defendant.

RIFKIND, District Judge.

At the trial plaintiff moved that the court (1) relinquish jurisdiction of the action; (2) consent that jurisdiction be taken by the Supreme Court of the State of New York; (3) permit the plaintiff to transfer to the said Supreme Court all the papers filed in this action.

■ The action was commenced in this court. Since there was no removal from the state court there can be no remand to that court. Section 37 Judicial Code, 28 U.S.C.A. § 80. Consequently, if the court is without jurisdiction, the action must be dismissed.

■ The suggestion of lack of jurisdiction is based upon the following: The complaint in a single cause of action states two claims; one for unfair competition practiced by the defendant against the plaintiff, between whom there is diversity of citizenship; and one for unfair competition practiced by defendant against American Carrier-Call Corporation, a corporation of the same state as the defendant, and of which claim plaintiff is the owner by mesne assignments. The first claim for unfair competition succumbed to a plea of res judicata. The second claim, it is urged

by plaintiffs, is beyond the reach of this court by virtue of § 24(1) of the Judicial Code, 28 U.S.C.A. § 41(1), which reads in part as follows: "No district court shall have cognizance of any suit (except upon foreign bills of exchange) to recover upon any promissory note or other chose in action in favor of any assignee * * * unless such suit might have been prosecuted in such court to recover upon said note or other chose in action if no assignment had been made".

The meaning of "chose in action" as employed in this statute has been fully analysed in 2 Moore's Federal Practice, pages 2021 et seq. It does not include the tort of unfair competition as alleged in the complaint. Brown v. Fletcher, 1915, 235 U.S. 589, 35 S.Ct. 154, 59 L.Ed. 374; Chestigreen Patents Corp. v. Western Electric Co., D.C.S.D.N.Y.1936, 16 F.Supp. 624.

■ Since, in the case at bar, the assignee's and not the assignor's citizenship is controlling in determining diversity of citizenship, the court has jurisdiction. The plaintiff's motion is denied and the complaint is dismissed on the merits.