Carol **ELDRIDGE** and American Textile Company, Plaintiffs,

v.

**SPRINGS INDUSTRIES, INC.,** Robert Lorberbau, Lori Sanford, and Edward Kaplan, Defendants.

No. 89 Civ. 5882 (DNE).

United States District Court, S.D. New York.

April 27, 1995.

George E. Kersey, New York City, for American Textile Co., Carol Eldridge.

Michael F. Close, Barry, McTiernan & Moore, New York City, for Robert Lorberbaum, Lori Sanford, Springs Industries, Inc.

## MEMORANDUM & ORDER

EDELSTEIN, District Judge:

Plaintiffs brought this action, alleging copyright infringement, trade-dress infringement, product misappropriation, trade-name misappropriation, misappropriation of proprietary information, conspiracy to defraud, product interference, and design-patent infringement, in connection with plaintiffs' design for a children's bed rest called a "Snugup." Defendants' motion to dismiss the complaint or, in the alternative, for summary judgment, was denied, and the parties subsequently completed discovery and submitted a joint pretrial order. Currently before this Court is defendants' motion, brought pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1), to dismiss Count VIII of the complaint—the design-patent infringement claim—for lack of subject-matter jurisdiction. Defendants have also moved, pursuant to Rule 16, for leave to amend the joint pretrial order. For the reasons discussed below, both of defendants' motions are granted.

### I. Motion to Dismiss

Defendants aver that, during discovery, they learned that the design patent referred to in Count VIII of the complaint was issued four months after the filing of the complaint. As a result of this discovery, defendants brought the instant motion to dismiss Count VIII.

As a threshold matter, defendants have incorrectly labelled their motion to dismiss as a Rule 12(b) motion. Rule 12(b) provides that "[a] motion making any of these defenses shall be made before pleading if a further pleading is permitted." Because defendants have filed an answer, they cannot now bring a motion pursuant to Rule 12(b). Defendants' motion may, however, properly be brought as a motion for judgment on the pleadings, pursuant to Rule 12(c). *See* 2A James W. Moore *et al.*, *Moore's Federal Practice* ¶ 12.15 (2d ed. 1995). Rule 12(c) states, in relevant part: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Accordingly, this Court will construe the instant motion as a Rule 12(c) motion. *See* 2A James W. Moore *et al.*, *Moore's Federal Practice* ¶ 12.15 (2d ed. 1995) ("a motion to dismiss after the pleadings have been closed may be treated as a motion for a judgment on the pleadings").

Rule 12(c) states further, however, that "[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgement and disposed of as provided in Rule 56...." In the instant case, the gravamen of defendants' motion is that plaintiffs' design patent was issued four months after plaintiffs filed their complaint, and thus, defendants present this Court with matters outside the pleadings. Because defendants' motion is premised on facts not presented in the pleadings, the Court will treat the instant motion as a Rule 56 motion for summary judgment.

Count VIII of the complaint alleges design-patent infringement, and this count is based on a patent that plaintiffs concede was issued four months after plaintiffs filed their complaint. It is well settled that a patent cannot be infringed until after that patent has been issued. *See Gilbert v. General Motors Corp.*, 32 F.Supp. 502, 504 (S.D.N.Y. 1940); *Mike Levine, Inc. v. Baer*, 32 F.Supp. 575, 575 (S.D.N.Y.1939). Moreover, a plaintiff cannot bring a claim for design-patent infringement before such infringement occurs. Plaintiffs concede that "[t]he design patent was not identified in the complaint because it had not yet issued." (Memorandum in Opposition to Defendants' Motion To Dismiss Count VIII and in Support of Plaintiff's Motion for Any Necessary Amendment to the Complaint at 1.)

Plaintiffs raise four arguments in opposition to defendants' motion. First, plain-

tiffs argue that "Count VIII sets forth plaintiffs' guarantee that an application has been filed and further than an embodiment has been approved by the Examiner so that the patent will issue in due course." (*Id.* at 3.) Plaintiffs' "guarantee," however, is obviously not a patent and does not suffice to support a claim for design-patent infringement.

■ Second, plaintiffs argue that "until the design patent issued ..., the gravamen of Count VIII was for Common Law infringement by unauthorized copying. The plaintiffs' Federal rights did not accrue until the patent issued.... Once the patent issued, there was incipient Federal jurisdiction which matured in actual jurisdiction by the actions of the defendants." (*Id.* at 2.) This argument is utterly lacking in merit. Count VIII states a claim for "design patent infringement," and contains no mention of common-law claims. Moreover, plaintiffs concede that their "rights did not accrue" until after the filing of the complaint. The argument that federal jurisdiction "matured" at some point after the complaint was filed is unsupported and without any basis in law.

Third, plaintiffs' argue that defendants waived any right to bring this motion because defendants allegedly failed to bring this motion in a timely fashion. This argument is flatly contradicted by Rule 12(c), which states that a motion for judgment on the pleadings may be brought "[a]fter the pleadings are closed but within such time as not to delay the trial ..."

■ Finally, plaintiffs argue that "[t]o the extent that there is any defect in the pleadings, they can be cured by an appropriate amendment to the Complaint." (*Id.* at 6.) This argument is irrelevant. Plaintiffs titled their memorandum of law in response to defendants' motion "A Memorandum in Opposition to Defendants' Motion to Dismiss Count VIII and in Support of Plaintiffs' Motion for Any Necessary Amendment to the Complaint." Notwithstanding their memorandum's title, however, plaintiffs have not filed a motion for leave to serve a supplemental pleading. Plaintiffs have filed no notice of motion, and plaintiffs' memorandum does not even ask this Court for leave to serve a supplemental pleading. In sum, although

plaintiffs claim that they could cure the defects in the complaint, they have failed to file a motion to do so. Thus, plaintiffs' argument is without merit.

Accordingly, Count VIII of the complaint is dismissed.

### II. Motion for Leave to Amend the Joint Pretrial Order

■ Defendants also move, pursuant to Rule 16(e), for leave to amend the joint pretrial order. First, defendants seek to amend the order to include one additional witness— the wife of a witness identified in the original pretrial order—who will testify concerning the independent creation of the designs used by defendants. Second, defendants seek to replace several documents listed in the original joint pretrial order with others that defendants believe will more effectively demonstrate both the lack of novelty of plaintiffs' product and the independent creation of defendants' product. Plaintiffs have not submitted any papers in response to defendants' motion.

Rule 16(e) states, in relevant part: "The order following a final pretrial conference shall be modified only to prevent manifest injustice." The Second Circuit has adopted a flexible interpretation of Rule 16(e), stating that "permission to amend a pretrial order is to be granted when 'the interests of justice make such a course desirable.'" *Madison Consultants v. Federal Deposit Ins. Corp.,* 710 F.2d 57, 62 n. 3 (2d Cir.1983); *see also Laguna v. American Export Isbrandtsen Lines, Inc.,* 439 F.2d 97, 101–02 (2d Cir.1971) ("we have not viewed ... modification [of pretrial orders] with hostility").

In the instant case, defendants' proposed amendments are modest, contain no new claims, and serve merely to streamline and clarify defendants' presentation of their defense. Preventing defendants from amending the joint pretrial order may hamper the efficient trial of this case, and plaintiffs have failed to argue that they would be prejudiced by the proposed amendments. Indeed, plaintiffs have failed to file any papers in response to this motion; under Local Civil Rule 3(b), the failure to file response papers

"may be deemed sufficient cause for ... the granting of the motion by default."

Accordingly, defendants' motion for leave to amend the joint pretrial order is granted.

SO ORDERED.