PEOPLE'S BANK (NATIONAL PARK BANK v.). See Case No. 10,049.

PEOPLE'S INS. CO. (ROBBINS v.). See Case No. 11,885.

## Case No. 10,970.

### In re PEOPLE'S MAIL STEAMSHIP CO.

[3 Ben. 226; 1 2 N. B. R. 552 (Quarto, 170).]

District Court, E. D. New York. April, 1869.

BANKRUPTCY — LIEN ON BANKRUPT'S PROPERTY—COLLISION.

1. Where the marshal had taken possession, under an order of the bankruptcy court, of the property of a bankrupt, including a steamship, and, after the assignee in bankruptcy was appointed, delivered over the keys of the vessel to the assignee, and remained in charge of her on behalf of the assignee, and thereafter a libel was filed against the vessel, to recover damages for a collision which occurred before the adjudication in bankruptcy, on which libel process was issued to the marshal: Held, that the libellants must be enjoined from attempting to hold the vessel, or interfering with her in the hands of the assignee.

[Cited in Re Dole, Case No. 3,965; Re Oregon Iron Works, Id. 10,562; Re Litchfield, 13 Fed. 866.]

2. If the libellants had a prior lien on the vessel, it must be enforced by being submitted to the arbitrament of the bankruptcy court.

[Cited in Re Brinkman, Case No. 1,884.]
[Cited in Clifton v. Foster, 103 Mass. 236.]

In bankruptcy.

Beebe, Donohue & Cooke, for assignee.

Foster & Thomson, for West and Nettleton.

BLATCHFORD, District Judge. In this case, the bankrupts were declared such on the 23d of January, 1869. An assignee was chosen on the 20th of February, 1869. The marshal of this district, under an order made by this court, on the 16th of January, 1869, under the 40th section of the bankruptcy act [of 1867 (14 Stat. 536)], took possession provisionally, on or about that day, of all the property of the bankrupts, including the steamship Emily B. Souder. On or immediately after the 20th of February, 1869, the deputy marshal who was in charge of that vessel gave up the keys of it, by direction of the marshal, to the assignee, and thereafter remained in charge of the vessel on behalf of the assignee. On the 3d of March, 1869, Joseph West and Thomas Nettleton filed a libel in rem in this court, in admiralty, against the said vessel, claiming $1,405.28 damages for a collision which occurred between her and the steamer Beaufort, on the Mississippi river, on the 27th of June, 1868. On this libel a monition was issued to the marshal, on the 3d of March, 1869, returnable on the 23d of the same month, commanding him to attach the vessel. To that monition the marshal made return, that he, on

1 [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

the 3d of March, attached the vessel. The assignee now, on a petition setting forth these facts, and his possession of the vessel prior to such attachment of her in the collision suit, prays for an injunction restraining the libellants in such suit from holding or attempting to hold the vessel, or doing any other act interfering with the property of the bankrupts in the hands of the assignee.

This injunction must be granted. The possession of the vessel by the assignee is the possession of her by the court. That possession cannot be lawfully disturbed or ousted by any person. If the libellants in the collision suit have a lien on the vessel, created by the fact of the collision, which is entitled to be satisfied out of the vessel, in preference to the claims of creditors under the bankrupt proceedings, that lien, inasmuch as proceedings to enforce it were not commenced before this court took possession of the vessel for administration in those proceedings, can be enforced, so long as this court holds possession of the vessel, only by being submitted, by those claiming it, to the arbitrament of this court sitting in bankruptcy. Harlan v. The Nassau [Case Nos. 6,066 and 6,067]; The Nassau, 4 Wall. [71 U. S.] 634, 642. If the libellants have, by virtue of the collision, or otherwise, a lien on the vessel. this court, sitting in bankruptcy, has full power, under section 1 of the bankruptcy act, to ascertain and liquidate such lien, on its being presented in proper form, by petition, to this court sitting in bankruptcy. The prayer of the petition is granted.