# PRATT *v.* PARIS GAS LIGHT & COKE COMPANY.

ERROR TO THE SUPREME COURT OF THE STATE OF ILLINOIS.

No 85. Submitted November 2, 1897.—Decided November 29, 1897.

To constitute an action one arising under the patent-right laws of the
United States, the plaintiff must set up some right, title or interest under
the patent laws, or, at least, make it appear that some right or privilege
under those laws will be defeated by one construction, or sustained by the
opposite construction of these laws.

When a state court has jurisdiction both of the parties and the subject
matter as set forth in the declaration, it cannot be ousted of such juris-
diction by the fact that, incidentally to his defence, the defendant claims
the invalidity of a certain patent.

THIS was an action in assumpsit upon the common counts,
by the persons constituting the firm of Henry Pratt & Com-
pany, to recover of the Paris Gas Light and Coke Company
the agreed consideration of $4850 for manufacturing and
setting up at its works in the city of Paris, Edgar County,
Illinois, an apparatus for the manufacture of water gas, in
accordance with certain patents granted to Pratt and Ryan,
April 22, 1884, and April 12, 1887, the component parts of
said apparatus being set forth in the contract.

Defendants pleaded the general issue, and in addition
thereto that the cause of action arose under a written con-
tract, by which the plaintiffs agreed to keep the defendant
harmless against any suits which might be brought against
it for the infringement of any patents, and if any such were
brought, to defend the same at their own expense; further
averring that the patents to Pratt and Bryan were void, and
an infringement upon certain patents which had been granted
to Springer and Lowe; that plaintiffs had not kept defendant
harmless from suits for infringement, as provided for in such
contract, and had not defended the same at their expense,
but that a suit had been begun against defendant by the
National Gas Light and Fuel Company in the Circuit Court
of the United States for the Southern District of Illinois, for

an infringement of the Springer patent; that defendant requested plaintiffs to defend it, which they had agreed to do, but that they wholly refused to defend it, and said suit is still pending; that defendant was compelled to, and did at once, quit using the apparatus by reason of such suit, and has wholly ceased to use it.

The third plea averred, in substance, that the plaintiffs obtained the contract upon false and fraudulent representations that their patents were not infringements upon any other patents, which representations the plaintiffs knew to be untrue; that plaintiffs further represented that the National Gas Light and Fuel Company had begun a suit against them for an infringement of the Springer patent, and had found that they had no claim, and assured plaintiffs that no suit would be brought against defendant by the Gas Light and Fuel Company, nor by any one else, and that the company had abandoned all claim that plaintiffs' patents were an infringement upon theirs, which representations were false and fraudulent to the knowledge of the plaintiffs, who had before that time been notified by the Gas Light and Fuel Company that suit would be brought against any one who might use the apparatus made by them.

The fourth plea alleged substantially the same representations as the third, and that, while plaintiffs were about to commence the construction of the apparatus, the National Gas Light and Fuel Company notified defendant that the plaintiffs' apparatus was an infringement upon the patents; that defendant thereupon notified plaintiffs that it would not accept such apparatus, and thereupon plaintiffs proposed that, if defendant would permit them to proceed, they would, before asking payment for the same, furnish defendant a good and sufficient bond indemnifying it against all damages that it might suffer by reason of any infringement, and upon defendant's accepting such offer, plaintiffs refused to give such bonds as they had agreed, and still neglect to do so.

To these special pleas a general demurrer was filed by the plaintiffs, which was overruled by the court, and by leave of the court, replications were filed, and upon the issues thus

joined a trial was had, which resulted in a verdict for the defendant. A motion for a new trial being overruled, and judgment entered upon the verdict, the case was taken to the appellate court of Illinois, and from that court to the Supreme Court, which affirmed the judgment of the Circuit Court, whereupon plaintiffs sued out a writ of error from this court.

*Mr. John T. Richards* for plaintiffs in error.

*Mr. George Hunt* and *Mr. James R. Ward* for defendant in error.

MR. JUSTICE BROWN, after stating the case, delivered the opinion of the court.

The only Federal question presented by the record in this case turns upon the admissibility of evidence tending to show that the patents issued to the plaintiffs Pratt and Ryan were infringements upon a prior patent issued to Springer. Plaintiffs contend that the state court, by admitting such testimony, thereby assumed jurisdiction of a patent case, in violation of Rev. Stat. § 711, which declares that "the jurisdiction vested in the courts of the United States, in the cases and proceedings hereinafter mentioned, shall be exclusive of the courts of the several States. . . . Fifth. Of all cases arising under the patent-right or copyright laws of the United States."

The action, however, was not brought to test the validity of plaintiff's patents; to recover damage for their infringement, or to enjoin their use by the defendant. The suit was an ordinary action of assumpsit upon the common counts for the price of a machine — a patented machine it is true — but none the less subject to a common law action to recover its value. No mention is made of a patent in the declaration, and the contract having been executed, the action was properly brought upon the common counts, notwithstanding the machine was sold under a written agreement. 2 Greenleaf's Ev § 104. Defendant in its plea sets up the contract, under

which the plantiffs agreed to save the defendant harmless against any suit which might be brought against it for infringement, and to defend such suits at their own expense; and averred, among other things, that the patents were void and an infringement upon prior patents; that plaintiffs had not kept the defendant harmless against suits, but had refused to defend it against a suit brought by the National Gas Light and Fuel Company, by reason of which the consideration had wholly failed, and defendant had rightfully rescinded the contract. Manifestly if the defendant had no right to use the machine it was of no value to it, and the whole purpose of its purchase was frustrated.

Had the action been in the Circuit Court of the United States defendant would obviously have had the right to show that the plaintiffs' patents were void; and an infringement upon prior patents as an excuse for rescinding the contract. *Hayne* v. *Maltby*, 3 T. R. 438; *Nye* v. *Raymond*, 16 Illinois, 153. Why should it not have the same right in a state court? It is evident that, unless it can prove the invalidity of the plaintiffs' patents, it might be completely at their mercy. It cannot, under our decisions, remove the case to a Federal court, as one arising under the Constitution or laws of the United States, since no claim was made by the plaintiffs in their declaration under such Constitution or laws. *Chappell* v. *Waterworth*, 155 U. S. 102; *Walker* v. *Collins*, 167 U. S. 57; *Tennessee* v. *Union and Planters' Bank*, 152 U. S. 454. It could not file a bill against the National Gaslight and Fuel Company to test the validity of the patents, since the defendant and not the Fuel Company was the offending party. Nor could it have compelled the Fuel Company to sue it for an infringement had that company not chosen to do so. The Fuel Company did, however, elect to bring such suit, which the plaintiffs were promptly notified by the defendant to defend; bu· they refused to do this, and now claim that defendant is incapacitated from contesting the validity of their patents, which contest they were bound under their contract to make in the suit brought against the defendant by the Fuel Company. It is possible a bill would lie in the

Circuit Court of the United States to rescind the contract, but having the right to rescind without suit, it ought not to be driven to this circuitous remedy.

The action under consideration is not one arising under the patent right laws of the United States in any proper sense of the term. To constitute such a cause the plaintiff must set up some right, title or interest under the patent laws, or at least make it appear that some right or privilege will be defeated by one construction, or sustained by the opposite construction of these laws. *Starin* v. *New York*, 115 U. S. 248; *Germania Ins. Co.* v. *Wisconsin*, 119 U. S. 473.

The state court had jurisdiction both of the parties and the subject-matter as set forth in the declaration, and it could not be ousted of such jurisdiction by the fact that, incidentally to one of these defences, the defendant claimed the invalidity of a certain patent. To hold that it has no right to introduce evidence upon this subject is to do it a wrong and deny it a remedy. Section 711 does not deprive the state courts of the power to determine *questions* arising under the patent laws, but only of assuming jurisdiction of "*cases*" arising under those laws. There is a clear distinction between a case and a question arising under the patent laws. The former arises when the plaintiff in his opening pleading — be it a bill, complaint or declaration — sets up a right under the patent laws as ground for a recovery. Of such the state courts have no jurisdiction. The latter may appear in the plea or answer or in the testimony. The determination of such question is not beyond the competency of the state tribunals.

The jurisdiction of state courts over patent cases is not more exclusive than that of the District Courts over cases of admiralty and maritime jurisdiction. Yet, when vessels have passed into the hands of an assignee or receiver, it has been the constant practice of courts of bankruptcy and equity to respect the liens given by the maritime law, to marshal such liens and direct their payment, precisely as a court of admiralty would have done. *Scott's Case*, 1 Abbott U. S. 336; *In re Kirkland*, 14 Fed. Cases, 677; *In re Peoples' Mail Steamship Co.*, 3 Ben. 226; High on Receivers, § 138.

While the question has never arisen in this court, in the exact form presented in this case, we have repeatedly held that the Federal courts have no right, irrespective of citizenship, to entertain suits for the amount of an agreed license, or royalty, or for the specific execution of a contract for the use of a patent, or of other suits where a subsisting contract is shown governing the rights of the party in the use of an invention, and that such suits not only may, but must, be brought in the state courts. *Hartell* v. *Tilghman*, 99 U. S. 547; *Wilson* v. *Sanford*, 10 How. 99; *Albright* v. *Teas*, 106 U. S. 613; *Goodyear* v. *Day*, 1 Blatchford, 565; *Blanchard* v. *Sprague*, 1 Cliff. 288; *Dale Tile Mfg. Co.* v. *Hyatt*, 125 U. S. 46; *Wade* v. *Lawder*, 165 U. S. 624. Although in an action for royalties, if the validity and infringement of the patent are controverted, the case is considered as one "touching patent rights," for the purposes of an appeal to this court under Rev. Stat. § 699. *St. Paul Plough Works* v. *Starling*, 127 U. S. 376. In this case the court expressly reserved the question whether the action should be considered as one arising under the patent laws of the United States within the meaning of section 711.

We are referred to but one case directly in point which favors plaintiffs' contention: *Elmer* v. *Pennel*, 40 Maine, 430, in which, in a suit upon a note given for a patent right, proof that the patent was void as an infringement upon a prior one was held not to be admissible without that fact having been determined by a court of competent jurisdiction.

There is, however, an overwhelming weight of authority to the contrary. Beginning with the case of *Bliss* v. *Negus*, 8 Mass. 46, in which, in a similar action upon a note, it was held the defendant might show that the patent had been obtained by fraud and perjury, the Supreme Judicial Court of Massachusetts has held steadily to the doctrine that where the question of the validity of a patent arises collaterally, it will take jurisdiction of it. In *Dickinson* v. *Hall*, 14 Pick. 217, evidence that the patent was void was held to be pertinent to show a total want of consideration for the defendant's note. The principal case, however, is that of *Nash* v. *Lull*, 102 Mass. 60, in which the opinion of the court was delivered by

Mr. Justice Gray, to the effect that any degree of utility or practical value in a patent will support the consideration paid for it; but that if it be wholly void, a note given for it is without consideration, and such issue may be tried in the state court as well as in the Circuit Court of the United States. See, also, to the same effect, *Bierce* v. *Stocking*, 11 Gray, 174; *Lester* v. *Palmer*, 4 Allen, 145.

Like opinions have been pronounced in the courts of New Hampshire, Connecticut, New York, Pennsylvania, Indiana, Wisconsin, Illinois and Missouri; and in all these States the principle seems well established that any defence which goes to the validity of the patent is available in the state courts. In these cases the validity of the patent was attacked upon different grounds, but we perceive no distinction in the principle involved. The patent may be void because the invention was well known before; or because it is useless or immoral; or because it is an infringement upon other prior patents, and it is no objection to the jurisdiction of the state court that the question of validity may involve the examination of conflicting patents, or the testimony of experts. It is the fact of its invalidity, and not the reasons for it, that is material. The cases are so numerous and uniform that a bare reference to them is all that is necessary. *Dunbar* v. *Marden*, 13 N. H. 311; *Rich* v. *Atwater*, 16 Conn. 409; *Sherman* v. *Champlain Transportation Co.*, 31 Vermont, 162; *Clough* v. *Patrick*, 37 Vermont, 421; *Burrall* v. *Jewett*, 2 Paige Ch. 134; *Middlebrook* v. *Broadbent*, 47 N. Y. 443; *Continental Store Service C.* v. *Clark*, 100 N. Y. 365; *Head* v. *Stevens*, 19 Wend. 411; *Harmon* v. *Bird*, 22 Wend. 113; *Cross* v. *Huntly*, 13 Wend. 385; *Saxton* v. *Dodge*, 57 Barb. 84, 115; *Geiger* v. *Cook*, 3 W. & S. 266; *Slemmer's Appeal*, 58 Penn. St. 155, 163; *McClure* v. *Jeffrey*, 8 Indiana, 79; *Nye* v. *Raymond*, 16 Illinois, 153; *Page* v. *Dickerson*, 28 Wisconsin, 694; *Rice* v. *Garnhart*, 34 Wisconsin, 453; *Billings* v. *Ames*, 32 Missouri, 265.

The claim made by the plaintiffs in error, that there was no competent evidence to show that their patents were an infringement upon the prior patents, was not specially assigned as

error, either in the appellate court, or in the Supreme Court
of the State, and is not noticed in either of the opinions of
those courts.　Under these circumstances it cannot be assigned
as error here.

The judgment of the Supreme Court of Illinois is, therefore,

*Affirmed.*