Excelsior Steel Fur. Co. v. F. Meyer & Bro. Co., 182 Ill. App. 537.

F. A. OAKLEY, for appellant.

WILLIAM L. PIERCE, for appellee.

MR. PRESIDING JUSTICE WHITNEY delivered the opinion of the court.

## Abstract of the Decision.

1. ANIMALS, § 47*—*what are questions of fact*. In an action for damages for shooting a dog, *held* that the question whether defendant was justified in shooting was for the jury.

2. APPEAL AND ERROR, § 1465*—*when admission of evidence is harmless*. The admission of evidence of the general vicious character of a dog cannot be complained of where the answers of witnesses to such questions, after objections were overruled, were not responsive, and where such evidence was given by other witnesses without objection.

3. ANIMALS, § 48*—*when instructions are improper*. Instructions ignoring evidence as to attacks of a dog on different persons and that the owner of such dog knew of the attacks, instructions leaving it to the jury to determine what was a legal reason for killing a dog and instructions stating that a defendant was liable if he killed a dog without any legal reason for so doing, *held* properly refused.

---

Excelsior Steel Furnace Company, Appellant, v. F. Meyer & Brother Company, Appellee.

Gen. No. 5,782.

1. PATENTS, § 39*—*what court has jurisdiction of infringement*. The remedy for infringement by making articles which are covered by letters patent issued to a plaintiff or his assignor, or where such a plaintiff is protected by an application for a patent, the rights of which have been assigned to him, is in the United States Courts.

2. INJUNCTION, § 51*—*when bill will lie*. Equity has no jurisdiction of a suit by one trader in an article to enjoin another trader

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

in a similar article from telling falsehoods about his own article, as where such other trader falsely stamps his article as patented.

Appeal from the Circuit Court of Peoria county; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed August 2, 1913.

BENJAMIN T. ROODHOUSE, for appellant.

WILLIAM V. TEFFT, for appellee.

MR. PRESIDING JUSTICE WHITNEY delivered the opinion of the court.

The Excelsior Steel Furnace Company, appellant, filed its amended bill for an injunction against F. Meyer & Brother Company, appellee, and appellee interposed a demurrer thereto, which was sustained and appellant elected to stand by its bill and the same was dismissed for want of equity, and the appellant brings the case here on appeal. The bill charges appellant manufactures certain articles upon which a patent has been applied for and all rights under such application assigned to appellant, and certain other articles upon which it holds a patent, and, as we read the record, manufactures certain other articles not covered by any patent or application for patent, and it charges that appellee made copies of these various articles and had stamped on them "Patented Oct. 16-1894," whereas, appellee has no patent upon said articles and that it is thereby deceiving the public and injuring appellant's business.

In so far as appellant is making articles which are covered by letters patent issued by the United States to appellant, or appellant's assignor, or is protected by an application for a patent, the rights under which have been assigned to appellant, the remedy of appellant is in the United States Court. Here the complainant in the bill alleges that it has certain rights under certain patents and that it should be pro-

tected thereunder against the acts of the defendants, thus bringing the case clearly within the Patent Laws of the United States. *Pratt v. Paris Gaslight & Coke Co.*, 168 U. S. 255. In so far as appellee is manufacturing articles like those that appellant manufactures and has falsely stamped upon them that they are patented, we are of opinion that equity will not interfere in the way and manner indicated by this bill. We do not believe equity has jurisdiction at the suit of one trader in an article to enjoin another trader in a similar article from telling falsehoods about his own article. It is not charged as to these articles that appellee is telling any falsehood about appellant's articles, but merely that he is telling falsehoods about the articles which appellee manufactures. We think the demurrer was properly sustained. The judgment of the court below is affirmed.

*Affirmed.*