INTERNATIONAL FASTENER CO. v. FRANCIS MFG. CO.

(District Court, W. D. New York. May 17, 1919.)

No. 1846.

REMOVAL OF CAUSES ☞19(6)—JURISDICTION OF FEDERAL COURT—SUIT ARISING UNDER PATENT LAWS.

A suit for an accounting for royalties under a contract granting a license to manufacture under a patent is not one arising under the patent laws and removable on that ground, although an interpretation of the patent may incidentally be required to determine whether a certain article is within its scope.

In Equity. Suit by the International Fastener Company against the Francis Manufacturing Company. On motion to remand to state court. Motion granted.

Percival M. White, of Buffalo, N. Y. (Irving W. Cole, of Buffalo, N. Y., of counsel), for plaintiff.

J. William Ellis, of Buffalo, N. Y. (George W. Knox, of Niagara Falls, N. Y., of counsel), for defendant.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

HAZEL, District Judge. This action is for an accounting and to recover royalties for the manufacture of a fastener device, and was commenced on April 5, 1917, in the Supreme Court of this state. The plaintiff is a foreign corporation. On May 14, 1917, issue was joined and the cause reserved for trial on June 13, 1917, at an Equity Term of the Supreme Court, but because of defendant's objection that an accounting was to be had at law the trial did not proceed. The complaint was therefore amended to enable trying the cause as one at law. After answer by defendant, plaintiff served its reply to a counterclaim, which was followed by a motion for the examination of the defendant before trial, while the defendant concurrently moved a separate trial of various specified issues.

From the orders entered on such motions the defendant later appealed to the Appellate Division, but the orders were affirmed. On January 27, 1919, the complaint was again amended, and the time to answer by defendant extended by stipulation, but before answering the action was removed to this court on the ground that the amended complaint presented a new issue, which required the construction of a patent right; i. e., whether the fastener device specified in the contract and described in the Page patent included the so-called sew-on fastener device for garments.

The motion for removal was heard by Judge Sears, who was of the opinion that, since the petition for removal did not disclose that the alleged federal question was first brought into the cause by the last amended complaint, it was too late to remove the case to this court; but he nevertheless allowed its removal, suggesting that the question could again be raised in this court on motion to remand. The defendant now desires to amend the petition of removal, so as to include an allegation that its time to answer was extended by stipulation to March 25, 1919, and also that the sew-on fastener device in fact was included for the first time in the second amended complaint. Concurrently with such motion, plaintiff moves to remand the cause to the state court. The power of the court to permit plaintiff to amend its removal petition is not questioned. The principal question presented for decision is whether the plaintiff, by its last amendment to the complaint, embodied a primary cause arising for the first time under the patent laws of the United States, of which this court has exclusive jurisdiction. Judicial Code, § 28 (Act March 3, 1911, c. 231, 36 Stat. 1094 [Comp. St. § 1010]).

The original agreement conferring the right to manufacture the fasteners for a period of 30 years was later modified to permit defendant to manufacture, without royalties, other fasteners not included in the Page patent. The controversy, therefore, true enough, presents the question as to whether the sew-on fastener device, as distinguished from the cling fastener specified in the contract, was fairly included and described in the Page patent.

Plaintiff does not assert a cause of action for infringement, nor seek to restrain the defendant company from manufacturing any of the fastener devices, or to have the claims of the Page patent construed, or to have it declared invalid. On the contrary, the action is plainly to

recover damages for breach of a subsisting contract under which manufacturing rights were obtained and to recover for unpaid royalties. The claim that sew-on fasteners for garments are fairly included in the term "cling" fastener, or in the description in the patent specification, even though involving the construction and interpretation of the Page patent, would not necessarily remove the case from the jurisdiction of the state court. There is a clear distinction between cases arising under the patent laws and mere questions presented thereunder. Pratt v. Paris Gaslight & Coke Co., 168 U. S. 255, 18 Sup. Ct. 62, 42 L. Ed. 458; Goodyear v. Union India Rubber Co., Fed. Cas. No. 5,586.

In Chappell v. Waterworth, 155 U. S. 102, 15 Sup. Ct. 34, 39 L. Ed. 85, the Supreme Court of the United States decided that a case could not be removed from the state court into the federal court as one arising under the Constitution, laws, or treaties of the United States, unless the complaint showed that it did so arise, and the want of such showing could not be supplied by anything contained in the petition for removal. In Pratt v. Paris Gaslight & Coke Co., supra, the Supreme Court said:

"We have repeatedly held that the federal courts have no right, irrespective of citizenship, to entertain suits for the amount of an agreed license, or royalty, or for the specific execution of a contract for the use of a patent, or of other suits where a subsisting contract is shown governing the rights of the party in the use of an invention, and that such suits not only may, but must, be brought in the state courts. Hartell v. Tilghman, 99 U. S. 547 [25 L. Ed. 357]; Wilson v. Sandford, 10 How. 99 [13 L. Ed. 344]. * * * Although in an action for royalties, if the validity and infringement of the patent are controverted, the case is considered as one 'touching patent rights,' for the purposes of an appeal to this court under Rev. Stat. § 699."

See, also, Dale Tile Co. v. Hyatt, 125 U. S. 46, 8 Sup. Ct. 756, 31 L. Ed. 683.

The cases of Atherton Machine Co. v. Atwood Co., 102 Fed. 955, 43 C. C. A. 72, and Leslie v. Mann Co. (C. C.) 157 Fed. 236, the latter a decision by this court, upon which reliance is placed by defendant, are not in point, for in the first-mentioned case the action was clearly brought for an infringement of the patent there in controversy, although the validity of a subsisting contract was also involved, while in the latter case the articles manufactured by the defendant were in fact claimed in the bill to be an infringement of the patent, and the defendant was avoiding payment of the stipulated royalties under a contract or license of assignment of patent on the ground of noninfringement.

In my opinion this action is not one arising under the patent laws of the United States, and, without deeming it necessary to pass upon any other questions argued, the case is remanded to the Supreme Court of the state of New York. An appropriate order may be entered.