17 F.Supp. 79 (1935)
INTERNATIONAL HARVEST HAT CO.
v.
CARADINE HAT CO.
No. 11067.
District Court, E. D. Missouri, E. D.
October 12, 1935.
*80 Boyle & Priest, Robert E. Moloney, and John H. Bruninga, all of St. Louis, Mo., for plaintiff.
Greensfelder & Grand, Ralph Kalish, and Lawrence C. Kingsland, all of St. Louis, Mo., for defendant.
DAVIS, District Judge.
This is another action brought under the Declaratory Judgment Act, 28 U. S.C.A. § 400. Both plaintiff and defendant are Missouri corporations, and are competitors in the business of making and selling hats. The defendant is the assignee of letters patent No. 1,953,697, and plaintiff alleges that this patent is invalid, and that the ownership and exploitation of the patent by defendant is detrimental to plaintiff's competitive position in the trade. Consequently, plaintiff seeks to have defendant's patent declared invalid.
The defendant has filed a plea to the jurisdiction, which is to be regarded as a motion to dismiss.
There does not exist diversity of citizenship. Plaintiff asserts that the action arises under the patent laws of the United States, and for that reason this court has jurisdiction.
For this cause to be adjudicated in this court, it must appear from the petition that an actual controversy exists between the parties; and that that controversy arises out of the patent laws of the United States. An actual controversy means a dispute existing in act or fact, and not a mere potential or possible dispute. Of course, that dispute must be a justiciable one, that is, subject to the action of a court of justice, as distinguished from mere disagreement or debate that cannot be resolved by a decree.
The law is well settled that to constitute a cause of action under the patent laws, plaintiff must set up some right, title, or interest under such laws, or make it appear that some right or privilege will be defeated by one construction, or sustained by the opposite construction of these laws. Pratt v. Paris Gaslight & Coke Co., 168 U.S. 255, 18 S.Ct. 62, 42 L.Ed. 458; Excelsior Wooden Pipe Co. v. Pacific Bridge Co., 185 U.S. 282, 22 S.Ct. 681, 46 L.Ed. 910.
Plaintiff has no patent, actual or prospective. It has no patent rights of its own to sustain. Neither its product nor its process of making hats infringe the patent held by the defendant, according to the petition. Consequently, the validity or invalidity of defendant's patent affects no right of plaintiff that arises out of the patent laws of the country. No judgment that might be entered on this petition would promote or retard any interest of plaintiff that has its basis in the patent laws. There is no actual controversy existing between the parties of such a nature as to confer jurisdiction on this court. The controversy that exists arises out of the competitive position of the parties in the trade, and not out of the patent laws.
This cause could not have been maintained prior to the passage of the Act of June 14, 1934, and that statute was not designed to enlarge the jurisdiction of the court.
Defendant's special plea to the jurisdiction is sustained and the cause dismissed.