## CONTRACTING DIVISION, A. C. HORN CORPORATION, v. NEW YORK LIFE INS. CO. et al.

### No. 314.

Circuit Court of Appeals, Second Circuit.

Aug. 5, 1940.

Harry H. Bottome, of New York City (John F. Ryan, Mendes Hershman, and S. A. Demma, all of New York City, of counsel), for appellant.

Darby & Darby, of New York City (Louis D. Fletcher, of New York City, of counsel), for appellee.

Before SWAN, CHASE, and PATTERSON, Circuit Judges.

SWAN, Circuit Judge.

The present litigation was initiated in December, 1937, by the filing of a complaint by Contracting Division, A. C. Horn Corporation, charging New York Life Insurance Company, and a contractor employed by it, with infringing the plain-

tiff's patent No. 1,909,763 for a method of waterproofing masonry; the relief sought was an injunction and accounting. Both defendants filed answers and the Insurance Company counterclaimed for a declaratory judgment that the patent is invalid and not infringed. Eighteen months after the suit was started the plaintiff discovered that prior to filing its complaint it had assigned the patent to Horn Research Laboratories, Inc. (for brevity hereafter called Research), and had taken back from Research only a non-exclusive license. It therefore moved to dismiss the complaint and counterclaim. The Insurance Company opposed on the ground that it had incurred expense in preparing to defend the suit; it countered with a motion to join as parties plaintiff Research and A. C. Horn Company, or, in the alternative to grant the Insurance Company leave to examine the plaintiff's officers with respect to the relationship existing between the plaintiff, Research and A. C. Horn Company. Judge Conger granted the motion to dismiss the complaint as against the defendant contractor (which had interposed no objection to the motion) but denied it, without prejudice to renewal, as against the Insurance Company. He granted the motion for alternative relief requested by the latter. Pursuant to this order, depositions of two officers of the plaintiff and its bookkeeper were taken before a notary public. Thereafter the plaintiff's motion to dismiss and the defendant's motion to join additional parties were renewed before Judge Bondy. He passed the order from which the Insurance Company has appealed. It denied the defendant's motion to add parties, and granted the plaintiff's motion to dismiss the complaint and the counterclaim, conditioned on payment of costs.

If the plaintiff and Research are to be viewed as separate legal entities it is plain that the district court was right in dismissing complaint and counterclaim. When the suit was filed the plaintiff's interest in the patent was, and it still remains, merely that of a non-exclusive licensee. As such the plaintiff cannot maintain a suit for infringement. Western Electric Co. v. Pacent Reproducer Corp., 2 Cir., 42 F.2d 116, 118. Nor can the appellant maintain its counterclaim without the presence of the patent owner. Disputes between a bare licensee and an alleged infringer as to the validity or infringement of a patent owned by another present no "actual controversy" such as the Federal Declaratory Judgment Act, 28 U.S.C.A. § 400, requires. See Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; International Harvest Hat Co. v. Caradine Hat Co., D.C. E.D.Mo., 17 F.Supp. 79; Meinecke v. Eagle Druggists Supply Co., D.C. S.D.N.Y., 19 F.Supp. 523, 525. Recognizing the necessity of having the patent owner in court, the appellant moved to join Research and A. C. Horn Company as parties plaintiff, and now attacks denial of that motion as error. It relies upon Rules 13 (h), 19 (a), and 21 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; but it fails to take note of Rule 82, which states that the rules shall not be construed to extend the jurisdiction of district courts or the venue of actions therein. Neither Research nor A. C. Horn Company is a resident of the southern district of New York, nor has either a regular and established place of business in this district. They are residents of the eastern district of New York, and have their place of business there. This presents an insuperable obstacle to forcing them against their will into a suit in the southern district, if they be viewed as corporate entities separate and distinct from the plaintiff. Gibbs v. Emerson Electric Mfg. Co., D.C. W.D.Mo., 29 F.Supp. 810; Melekov v. Collins, D.C. S.D.Cal., 30 F.Supp. 159.

The appellant contends that the affidavits and depositions submitted in support of its motion disclose a relationship between the plaintiff and the other two corporations so close as to make them one in legal effect for the purposes of this suit. The district court's brief memorandum opinion does not mention this contention nor discuss the evidence presented in support of it. It denied the motion on the ground that no authority was adduced "for granting such relief at the instance of a defendant, when the plaintiff seeks to discontinue the action".

The relationship between the three Horn corporations is, indeed, very close. A. C. Horn Company, the parent company, is a New York corporation engaged in the business of making and selling paints, varnishes and waterproofing materials. It owns all the capital stock of Research, which was incorporated under the laws of New York in 1935. This subsidiary en-

gages in laboratory research pertaining to waterproofing, paints and other materials. It has only two regular employees. The plaintiff, also a New York corporation, conducts a contracting waterproofing business. All of its voting stock is owned by A. C. Horn Company but there is outstanding an issue of preferred stock held by independent shareholders, some 200 in number. Four men who are the principal officers in the parent company hold the same offices in Research; three of them are also officers of the plaintiff and the fourth is one of its directors. It was the practice of the directors of the plaintiff to declare dividends upon its preferred stock after the directors of the parent company had so recommended. The place of business of each of the three corporations is in a group of buildings owned by the parent in Long Island City, N. Y. Only the parent's name appears on the exterior of these buildings and only its name is listed in the telephone directory. The parent takes charge of the receipt and disbursement of monies of its subsidiaries and supplies their banking requirements. Checks payable to a subsidiary are endorsed to the parent and deposited in its account. Expenses of the subsidiary are paid by the parent upon vouchers. Bookkeeping entries are made showing receipts and disbursements on account of the subsidiary but no interest is credited or charged on the balance whether it be favorable or adverse to the subsidiary. For its services to the plaintiff the parent makes a flat yearly charge of $15,000. The annual financial statement of the parent is a consolidated statement for the parent and all its subsidiaries, of which there are several in addition to the plaintiff and Research. No separate financial statements are made up for distribution to stockholders of a subsidiary but the testimony is that such stockholders may get a separate statement upon request. In a copyrighted pamphlet describing the waterproofing method of the patent in suit and listing numerous buildings upon which the process has been used only the name of the parent company appears. The plaintiff assigned the patent to Research in May 1937. Prior to such assignment the plaintiff had granted several licenses under which royalties amounting to some $10,000 had been paid. Upon the receipt of such royalties the plaintiff paid them over to Research, and the testimony discloses no satisfactory reason for so doing. Legal fees incurred in the suit at bar have been paid by the parent

"upon a voucher", but whether the voucher was drawn by the plaintiff or by Research does not appear.

The foregoing facts show a very close business relationship between the three corporations, but we do not think them sufficient to establish the appellant's contention that the subsidiaries are only divisions or departments of the parent so that a suit in the name of the plaintiff is in reality a suit by A. C. Horn Company, and the latter is in reality the owner of the patent standing in the name of Research. Much of the evidence deals with facts often existing where there is a parent-subsidiary relationship and not of themselves enough to justify disregarding the legal theory of separate corporate entities. Such is the proof of common officers and directors, of the use of the family name "Horn", of stock ownership, of a common place of business, and a single telephone and mailing address. The banking, bookkeeping and accounting services afforded by the parent to its subsidiaries are plausibly explained as economy measures; and for such services, as well as for rent of the premises occupied and use of the telephone switchboard, an annual charge is made against the plaintiff's profits. Like banking, bookkeeping and accounting services were also performed by A. C. Horn Company for certain of its corporate customers which were not its subsidiaries. There is no evidence that the parent regarded the plaintiff as an alter ego. The plaintiff has its own preferred stockholders; it makes its own contracts for waterproofing buildings; and it purchases a large part of the materials it uses from sources independent of the parent company. Nor is there evidence that the parent has interfered with the plaintiff's internal management in the matter of dividends or otherwise. It is true that the parent's board of directors made recommendations for the payment of dividends on the plaintiff's preferred stock, and the reason for so doing, as explained in the testimony, is that the parent, as banker, supplied the funds for paying them; but the plaintiff's own directors voted the preferred dividends. There is no proof that a dividend was ever declared on the plaintiff's common stock, or that the parent corporation ever appropriated the plaintiff's profits, if there were any, without the declaration of a dividend. In short, it is not shown that the forms of independent corporate action were not maintained and

we do not find such evidence of domination by the parent that the suit brought by the plaintiff can properly be treated as the act of the parent. None of the cases relied upon by the appellant involves this problem; hence we have not found it necessary to discuss them. The order appealed from is affirmed.

Before he resigned Judge PATTERSON heard the argument of this appeal, and voted at the conference to affirm the judgment. Since his resignation he has read this opinion and authorizes us to say that it accords with his views.