**COTY, Inc. v. BOURJOIS, Inc.**

United States District Court
S. D. New York.
Nov. 12, 1952.

S. Stephen Baker, New York City, for plaintiff.

Alexander, Maltitz, Derenberg & Daniels, H. von Maltitz, Walter J. Derenberg and Edward M. Halle, New York City, for defendants.

BONDY, District Judge.

This is a motion to remand this action to the New York State Supreme Court. Its disposition depends solely upon the allegations of the complaint. Gully v. First National Bank, 299 U.S. 109, 113, 57 S.Ct. 96, 81 L.Ed. 70.

The complaint alleges a breach of contract and unfair competition. It does not allege any facts involving the validity or infringement of a patent. The contract was made for the express purpose of settling a prior action brought by the plaintiff for the determination of the validity and infringement of plaintiff's design patent. The

contract stated that Bourjois recognized the prima facie validity of the design patent and agreed that it would discontinue the production and sale of the Bourjois perfume bell, which was the subject of said action, and that Coty recognized that Bourjois should have the right to utilize in its business any design disclosed by prior art, and any design that may have been or may hereafter be developed which does not infringe said design patent, and that in the event that Coty acquiesces in the future to the widespread use of the design disclosed in said patent by unauthorized third parties, Bourjois, Inc. should be entitled to the benefits of such acquiescence notwithstanding the terms of the agreement.

It therefore clearly appears that in consideration of the settlement of the patent suit against it, Bourjois, Inc. agreed to discontinue the production and sale of the Bourjois perfume bell which was the subject of the action which was settled. The complaint in substance alleges that although the defendant agreed not to sell any Bourjois perfume bells like those involved in the contract, it violated that agreement by selling such bells. That the validity or scope of the patent might have to be litigated in this action by reason of any allegations which the defendant may set forth as defense in his answer is not a ground for removal.

The removal statute does not deprive the State courts of the power to determine questions arising under the patent laws but only of assuming jurisdiction of cases arising under those laws. Pratt v. Paris Gas Light & Coke Co., 168 U.S. 255, 18 S.Ct. 62, 42 L.Ed. 458; Luckett v. Delpark, Inc., 270 U.S. 496, 498, 46 S.Ct. 397, 70 L.Ed. 703. See International Fastener Co. v. Francis Mfg. Co., D.C., 259 F. 311. See also Respro, Inc. v. Worcester Backing Co., 291 Mass. 467, 197 N.E. 198.

The plaintiff merely asserts that the defendant breached the contract by producing and selling an article substantially like that which it agreed to discontinue producing and selling and has breached the contract by producing and selling the same.

That the plaintiff incorporates by reference the complaint in the action which has been settled as a part of its complaint does not constitute and was not intended to constitute a claim for infringement in this action. Accordingly, the complaint does not allege facts showing that the claim arises under the constitution or laws of the United States.

The motion to remand accordingly is granted.