Stanley O. COZBY et al., Appellants,

v.

Mildred E. TUTTLE, Appellee.

No. 17473.

Court of Civil Appeals of Texas, Fort Worth.

Jan. 25, 1974.

Rehearing Denied Feb. 22, 1974.

————◆————

Davis, Walker, Ligon & Nix, and Fred W. Davis and Rodney E. Gerik, Arlington, for appellants.

Walker, Bishop & Larimore, and John R. Lively, Fort Worth, for appellee.

## OPINION

LANGDON, Justice.

The sole question presented on this appeal is whether or not the trial court erred in exercising jurisdiction over the subject matter.

We find and hold that it did not.

The prayer contained in the plaintiff's (appellee's) first amended original petition consists of the following language:

"WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be temporarily restrained and enjoined pending a hearing hereon, and that on hearing they be temporarily enjoined from selling, disposing or incumbering any of the assets of the Partnership, and doing any act that would interfere with the Plaintiff's copyright; that Defendants be cited to appear and answer this Petition, and that on final hearing hereof, that said Court partition the assets of the Partnership, reasonable attorney fees, damages, and for such other and further relief, both general and special, in law and in equity, to which Plaintiff may show herself justly entitled."

The order granting the temporary injunction reads in part as follows:

"On this the 17th day of May, 1973, came on for consideration the application of MILDRED E. TUTTLE, Plaintiff, for a temporary injunction upon her verified petition . . . and it appearing that Plaintiff is entitled to the temporary injunction against Defendants until an accounting and partition can be made, . . . for the reason that the Defendants are disposing of the assets of the partnership and converting a portion of the partnership funds to the personal use of one of the Defendants, and that the Plaintiff will suffer irreparable injury and there is no adequate remedy at law.

"It is accordingly ORDERED, ADJUDGED and DECREED that the Clerk of this Court issue a writ of injunction pending final hearing and determination of this cause enjoining the Defendants from selling, transferring, conveying or encumbering any of the assets of Mist Inc. or Mun-Babis Company, a partnership, . . . ."

After the hearing on May 17, 1973, and before the court's order granting the temporary injunction was signed on July 31, 1973, the defendants (appellants) filed their motion to dismiss for lack of jurisdiction contending that the plaintiff's cause of action is one involving copyright infringement and therefore the Federal District Courts are vested with original jurisdiction under Title 28 of the U.S.Code, Sec. 1338(a).

This motion was overruled on July 26, 1973.

In support of their position the appellants contend that the plaintiff's pleadings contain references to copyright infringement and that similar references were made by the court and by counsel for plaintiff (appellee) during trial and that because of such repeated references to copyright infringement the jurisdiction of the cause is in the Federal District Court.

Based upon our examination of the record before us we are of the opinion and find that this cause of action involves a suit for injunction, an accounting and a

partition of the assets of a partnership. The stated references to infringement of a copyright do not change the nature of the cause of action and does not affect the jurisdiction of the state trial court.

We see no necessity in citing and discussing the numerous authorities referred to in the briefs, other than a reference to the annotation appearing in 167 A.L.R. 1114 under the title, "Jurisdiction of state court over actions involving patents." Particular reference is made to the statements and the authorities appearing under the paragraph "Correct rule" beginning on page 1118 which is set forth in the paragraphs next following.

"Correct rule.

"The key to the correct rule is the distinction between a 'case' arising under the patent laws and a 'question' arising under those laws. Pratt v. Paris Gas Light & Coke Co. (1897), 168 U.S. 255, 18 S.Ct. 62, 42 L.Ed. 458.

"Reduced to its lowest terms, the correct rule is that if the plaintiff founds his suit directly on a breach of some right created by the patent laws, he makes a case arising under those laws and only a Federal court has jurisdiction; but if he founds his suit on some right vested in him by the common law, or by general equity jurisprudence, he makes a case arising under state law and only a state court has jurisdiction. In this respect it is to be remembered that there is no Federal common law or equity law. These are the juridical attributes of the localities. Their principles, when administered in a Federal court, are derived from the respective peoples of the states. A case founded on a principle of tort, contract, or equity law is a case arising under state law. And whichever court has jurisdiction by reason of the nature of the cause of action advanced by the plaintiff, that court may decide such issues as arise incidentally to a decision. If a plaintiff sues in a Federal court for infringement, and the defendant sets up rights under a contract, the court may reach its conclu-

sion upon an issue of contract law. If the plaintiff sues in a state court for breach of a contract, the state court may decide an issue raised as to the validity or coverage of a patent, and even submit a question of priority to a jury. If the action be for breach of a contract to sell the plaintiff a valid patent, the state court may decide the validity of the patent. This is the almost universal rule." 167 A.L.R. 1118.

Finding as we do that the trial court correctly exercised jurisdiction over the subject matter here involved we accordingly affirm its order granting the temporary injunction.