**DEFENSIVE INSTRUMENTS, INC., and Normda Industries, Inc.,**
**Plaintiffs,**

v.

**RCA CORPORATION, Defendant.**

**Civ. A. No. 73–234.**

United States District Court,
W. D. Pennsylvania.

Dec. 17, 1974.

———◆———

Gilbert Helwig, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., James D. Fornari, Philadelphia, Pa., for defendant.

Seymour A. Sikov, Pittsburgh, Pa., for plaintiffs.

## OPINION

DUMBAULD, District Judge.

■ Before us is defendant's motion for Summary Judgment based upon the contention that the California statute of limitations prevents bringing the action. Such a defense, if established, would eliminate the need for scrutiny of the merits of the case. Hence discovery should be limited to the preliminary question as to the validity of this defense, Fraley v. C. & O. Ry. Co., 294 F. Supp. 1193, 1194 (W.D.Pa.1969); Hilton v. W. T. Grant Co., 212 F.Supp. 126, 130 (W.D.Pa.1962). Defendant has observed this criterion adequately, and answered those interrogatories which bear upon the existence *vel non* of any writing sufficient to sustain the viability of the action.

Under California law, upon an oral contract the statute of limitations is two years,[1] and the instant action was not brought within that period. If, however, the four year period for written contracts is applicable, plaintiff's action is timely.

The four year provision, in pertinent part, applies to "An action upon any contract, obligation or liability founded upon an instrument in writing."[2]

■ According to California jurisprudence, as we understand it, an action is said to be "founded upon" a written instrument only when the writing itself expresses or contains the obligation to enforce which the action is brought. Extrinsic or collateral matters in writing do not suffice. Simmons v. Birge Co., 52 F.Supp. 629, 634 (S.D.Cal.Cent.Div. 1943); Mack Trucks v. Bendix-Westinghouse Co., 372 F.2d 18, 21 (C.A.3, 1967).

The issue is similar to that whether an action is one "arising under" the patent laws, rather than one merely involving or relating to the sale of a pat-

ented medicine. Pratt v. Paris Gas Light & Coke Co., 168 U.S. 255, 257, 259, 18 S.Ct. 62, 42 L.Ed. 458 (1897).

■ Plaintiff points to numerous invoices and credit memoranda as instruments in writing. But they are merely evidence of sales and returns of merchandise, and do not contain any language incorporating representations or warranties establishing obligations of the type which plaintiff seeks to enforce in this action. They are merely collateral documents substantiating specific transactions, but not evidencing any basic agreement creating the obligations asserted by plaintiff.

Plaintiff found a certain type of "transducer" (manufactured by defendant for other purposes) suitable for use in burglar-alarm systems manufactured by plaintiff. Plaintiff tested merchandise received from defendant and returned items found unsuitable. Such returns amounted to about one-third of the items purchased. Without notice to plaintiffs, defendant changed the specifications of its product, so that it was no longer suitable for use in plaintiff's product and subsequently many product failures were experienced by plaintiff.

Plaintiff argues that a document supplied to plaintiff setting forth the specifications of defendant's product amounted to a representation or warranty that defendant's product would continue to remain suitable for use in plaintiff's product. Upon examination of the document, however, it appears to be a mere description rather than an obligation to refrain from future modifications of defendant's product. Hence we conclude that this document does not amount to an instrument in writing upon which plaintiff's action can be said to be "founded", as required by the California statute. Judgment must therefore be for the defendant.

---

I. West Pub. Co. Cal.Code of Civ.Procedure, § 338. [Our citations to California law are based upon the briefs of the parties, as this Court has no library facilities for research in that area, nor opportunity to study the subject *sur place*, like a view by a jury.]

2. *Ibid.*, § 337.