

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-8-2008

# RMF Global Inc v. Cattan

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2203

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"RMF Global Inc v. Cattan" (2008). *2008 Decisions.* Paper 1253.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1253

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2203

R.M.F. GLOBAL, INC.; INNOVATIVE DESIGNS, INC.

v.

ELIO D. CATTAN; ELIOTEX, SRL.

Innovative Designs, Inc., Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 2:04-cv-00593)
District Judge:  Honorable Arthur J. Schwab

Argued November 2, 2007

Before:  RENDELL, WEIS and NYGAARD, Circuit Judges.

(Filed: May 8, 2008)

Robert O. Lampl, Esquire (ARGUED)
John P. Lacher, Esquire
960 Penn Avenue, Suite 1200
Pittsburgh, PA  15222

Counsel for Innovative Designs, Inc., Appellant

OPINION

WEIS, <u>Circuit Judge</u>.

Plaintiff Innovative Designs, Inc., appeals from a judgment of the District Court affirming the award of an Italian arbitration proceeding in favor of defendants Elio D. Cattan and Eliotex, Srl. This Court lacks jurisdiction over the appeal because it lies within the exclusive jurisdiction of the United States Court of Appeals for the Federal Circuit. Therefore, we will transfer this case to that forum pursuant to 28 U.S.C. § 1631.

Innovative Designs and its co-plaintiff R.M.F. Global, Inc.,[1] filed a complaint in the District Court naming Cattan and Eliotex as defendants and seeking (I) a declaration that the activities of R.M.F. Global, Innovative Designs, and their customers do not infringe a patent owned by Cattan; (II) a declaration that Cattan's patent is invalid; and (III) a declaration that the activities of R.M.F. Global, Innovative Designs, and their customers do not infringe on a trademark owned by Cattan. In Counts IV and V, the complaint also set forth state-law claims of tortious interference with business and contractual relations, as well as common law unfair competition.

Eliotex and Cattan moved to dismiss or stay the proceedings pending arbitration in accordance with a contract between Eliotex and R.M.F. Global dated June 11, 1999. In a Memorandum and Order entered September 23, 2004, the District Court found that both R.M.F. Global and Innovative Designs were bound by the

---

[1]R.M.F. Global was initially listed in the docket as "RMF Globel." It is now properly identified in the caption as "R.M.F. Global" and we will use that designation.

arbitration clause contained in the contract and that the plaintiffs' state-law claims were "within the scope of the arbitration clause." The court stayed the case pending arbitration pursuant to 9 U.S.C. § 3.

On December 16, 2005, Eliotex and Cattan moved for confirmation of an arbitration award handed down in their favor by an Italian Board of Arbitrators. The Board determined that R.M.F. Global, Innovative Designs, and Mr. Joseph Riccelli[2] breached the contract between R.M.F. Global and Eliotex. The award ordered R.M.F. Global to "cease the employment of the Eliotex mark and patent," declared that the contract between R.M.F. Global and Eliotex terminated on June 11, 1999, and ordered R.M.F. Global, Innovative Designs, and Riccelli to pay damages in the amount of $4,176,000.00, plus interest and costs. App. 209-10. The District Court confirmed the award and entered judgment against plaintiffs in language that mirrored the arbitrators' language.

Innovative Designs filed a timely notice of appeal[3] from the District Court's judgment.

This is a complex commercial dispute beset by controversy over a patent and a trademark and accompanied by substantial allegations of fraud by both parties. We

_____

[2]Riccelli is the President and CEO of R.M.F. Global and the CEO of Innovative Designs. He is not a party to this case.

[3]R.M.F. Global also filed an appeal but later dismissed it by agreement of the parties pursuant to Fed. R. App. P. 42(b).

find no necessity for elaboration of the conflicts because the issue before us is whether we have appellate jurisdiction to hear this case. We conclude that we do not.

28 U.S.C. § 1295(a)(1) grants the Court of Appeals for the Federal Circuit "exclusive jurisdiction . . . of an appeal from a final decision of a district court of the United States . . . if the jurisdiction of that court was based, in whole or in part, on [28 U.S.C. §] 1338." Section 1338 provides that, "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents . . . and trademarks." 28 U.S.C. § 1338(a).

Christianson v. Colt Industries Operating Corp., 486 U.S. 800 (1988), clarified the respective jurisdictions of the Court of Appeals for the Federal Circuit and the regional courts of appeals in cases that involve patent issues. The Supreme Court held that any case that "arises under" a federal patent statute for purposes of § 1338 satisfies § 1295(a)(1)'s requirement that the case be based "in part" on § 1338. Id. at 807. A case "arises under" federal patent law if "the plaintiff must set up some right, title or interest under the patent laws, or at least make it appear that some right or privilege will be defeated by one construction, or sustained by the opposite construction of these laws." Id. at 807-08 (quoting Pratt v. Paris Gas Light & Coke Co., 168 U.S. 255, 259 (1897)).

The Court observed that the appellate jurisdiction of the Court of Appeals for the Federal Circuit extends "only to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent

4

law, in that patent law is a necessary element of one of the well-pleaded claims." Id. at 808-09.

Count I, which seeks a declaration that plaintiffs and their customers did not infringe the defendants' patent, and Count II, which seeks a declaration that the defendants' patent is invalid, obviously "depend on resolution of a substantial question of federal patent law." This case, therefore, "arises under" patent laws for purposes of § 1338 and the Court of Appeals for the Federal Circuit has jurisdiction pursuant to § 1295(a)(1) as long of the judgment of the District Court is a "final decision." See Medtronic AVE, Inc. v. Advanced Cardiovascular Sys., Inc., 247 F.3d 44, 52 (3d Cir. 2001) ("[S]ection 1295(a) does not vest jurisdiction in the Court of Appeals for the Federal Circuit [in an] appeal [that] is not from a 'final decision.'")

"Section 1295's final judgment rule mirrors that of its counterpart found at 28 U.S.C. § 1291." Nystrom v. TREX Co., 339 F.3d 1347, 1350 (Fed. Cir. 2003). Thus, the District Court's judgment is a "final decision" if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945).

When it is not clear from the face of a district court's order whether a ruling is a "final decision," the inquiry is "whether the . . . court intended its ruling to have final rather than a tentative effect." Caver v. City of Trenton, 420 F.3d 243, 261 (3d Cir. 2005); see also, Witherspoon v. White, 111 F.3d 399, 401 (5th Cir. 1997) (when "a court order is ambiguous as to what parties and claims are being disposed of and the district

5

court . . . intend[ed] to effect a final dismissal of a claim," the order is final notwithstanding the ambiguous language (quoting Picco v. Global Marine Drilling Co., 900 F.2d 846, 849 n.4 (5th Cir. 1990) (internal quotation mark omitted))).

The judgment of May 9, 2006 did not specifically rule on each claim asserted in the plaintiffs' complaint. Nevertheless, the record demonstrates that the District Court intended the judgment to end the litigation on the merits.

By assessing damages against plaintiffs, ordering R.M.F. Global to cease employment of Eliotex's trademark and patent, and terminating the contract between R.M.F. Global and Eliotex, the arbitrators implicitly rejected each of the plaintiffs' claims. The District Court incorporated the arbitrators' decision on the merits when it confirmed the award and thus approved the finding in favor of the defendants and against the plaintiffs on all of the plaintiffs' claims. The District Court believed that there was nothing further to be done to end litigation.

Our conclusion that the judgment was intended to be a "final decision" on the merits is bolstered by the District Court's characterization of the May 9, 2006 judgment as a "final judgment against plaintiffs" in two later rulings. See Eliotex, SRL v. Riccelli, No. 06cv0582, 2007 WL 2119212, at *1 (W.D. Pa. July 20, 2007) (stating in a Memorandum and Order with respect to summary judgment in a related proceeding that, "[o]n May 9, 2006, *this Court entered final judgment against plaintiffs* RMF [Global] and [Innovative Designs], jointly and severally, in the amount of $4,176,000, plus legal interest thereon from May 6, 2005, confirming the award of the [Italian Board of

6

Arbitrators]" (emphasis added)); <u>R.M.F. Global, Inc. v. Cattan</u>, No. 04cv0593, 2006 U.S. Dist. LEXIS 51511, at *1 (W.D. Pa. July 27, 2006) (stating, "[o]n May 9, 2006, *this Court entered final judgment against plaintiffs* R.M.F. Global, Inc. and Innovative Designs . . . jointly and severally, in the amount of $4,176,000, plus legal interest thereon from May 6, 2005," in ruling on a the defendants' July 6, 2006 Motion to Withdraw Order of Reference Pursuant to 28 U.S.C. § 157(d) in this case (emphasis added)).

We conclude that the District Court's May 9, 2006 judgment was a "final decision" for purposes of assessing which court of appeals has jurisdiction over this case. Accordingly, we will transfer this case to the Court of Appeals for the Federal Circuit pursuant to 28 U.S.C. § 1631.

_____