30 F.3d 126
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Carl M. DIMANNO, Plaintiff, Appellant,
v.
Jay O. SUCH AND THROTONICS, ET AL., Defendants, Appellees.
 No. 93-2336
 United States Court of Appeals,
First Circuit.
 July 22, 1994
 
 Appeal from the United States District Court for the District of Massachusetts [Hon. A. David Mazzone, U.S. District Judge ]
 Carl M. DiManno on brief pro se.
 John O. Mirick, Charles B. Straus, III, and Mirick, O'Connell, DeMallie & Lougee, on brief for appellees.
 D.Mass.
 DISMISSED.
 Before Torruella, Selya and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Carl M. DiManno appeals pro se from the district court's dismissal of his patent case on the ground of res judicata. This court lacks appellate jurisdiction. We decline to transfer the case to the United States Court of Appeals for the Federal Circuit, where the appeal should have been brought originally, however, because such a transfer would not be "in the interest of justice" under 28 U.S.C. Sec. 1631.
 
 Background
 
 2
 DiManno was issued U.S. Letter Patent No. 4,339,138 on July 13, 1982 ("the Patent") for a "throwing device" known as the Throton. DiManno and appellee Jay O. Such together incorporated appellee Throtonics Corporation ("Throtonics") to manufacture and market the Throton. Such became President and Chief Operating Officer of Throtonics. DiManno was an officer and director until June, 1988, when he resigned and entered into an Exclusive License Agreement ("the License Agreement") and an Assignment of Proprietary Patent Rights ("the Assignment") with Throtonics.
 
 
 3
 The License Agreement gave Throtonics the exclusive right to manufacture and sell the Throton. The Assignment transferred ownership of the Patent to Throtonics. Throtonics failed to record the Assignment with the Patent and Trademark Office ("PTO") until November 24, 1989. Meanwhile, on September 28, 1989, DiManno assigned the Patent to another party, Kozmos, Inc. ("Kozmos"). Kozmos recorded that assignment with the PTO on September 29, 1989, two months before Throtonics' recording of the Assignment to it.
 
 
 4
 In January, 1991, DiManno filed a suit in United States District Court for the District of Massachusetts, claiming patent infringement and breach of contract. The complaint sought a declaration that he was the sole owner of the Patent. DiManno invoked 35 U.S.C. Sec. 261 in support of his claim that the Assignment was void. There was no diversity of citizenship between the parties and the sole basis asserted for jurisdiction was 28 U.S.C. Sec. 1338(a). The district court dismissed the complaint for lack of subject matter jurisdiction, ruling that "[n]o claims raised by the plaintiff raise issues of patent law. At most, the plaintiff has challenged the validity of the assignment of his patent to the defendants and the outfall of that assignment. That is a contractual dispute which does not implicate any rights under the patent itself." DiManno v. Jay Such and Throtonics, No. 91-10099-MA (citations omitted). DiManno appealed to the United States Court of Appeals for the Federal Circuit which affirmed the dismissal.
 
 
 5
 DiManno also filed suit in Middlesex County Superior Court against appellees, alleging breach of contract, negligence and violation of G.L. c. 93A and seeking a declaration that the License Agreement was void. In an opinion dated August 11, 1993, following a three-day jury- waived trial at which DiManno appeared pro se, the state court ruled against DiManno on all of his claims and in favor of Such and Throtonics on all of their counterclaims, including breach of the Assignment and License Agreement. The state court concluded that DiManno had effectively conveyed his interest in the Patent in return for consideration.
 
 
 6
 While the state case was pending, DiManno initiated this second federal court action. The complaint sought a declaration that the License Agreement and Assignment were invalid and, therefore, could not be the basis for a patent infringement suit by Such and Throtonics. It argued that, pursuant to 35 U.S.C. Sec. 261, the assignment to Kozmos voided any claim Throtonics might have had to a patent assignment. Again, there was no diversity of citizenship claimed between the parties and the sole basis of jurisdiction was 28 U.S.C. Sec. 1338. The district court granted appellees' motion to dismiss on the grounds that, under the doctrine of res judicata, the prior federal and state court decisions barred the continuance of the second federal action.
 
 Discussion
 
 7
 Pursuant to 28 U.S.C. Sec. 1295(a)(1), the Federal Circuit has exclusive jurisdiction over appeals from final decisions of a district court where jurisdiction was based, in whole or in part, on 28 U.S.C. Sec. 1338(a). In this case, the only plausible basis for federal jurisdiction was Sec. 1338(a). Therefore, this court lacks appellate jurisdiction.
 
 
 8
 Under 28 U.S.C. Sec. 1631, a court lacking jurisdiction "shall" transfer the case to a court where it could have been brought originally, if such transfer is "in the interest of justice." A transfer is not in the interest of justice if the appeal lacks merit. See Howitt v. Dept. of Commerce, 897 F.2d 583, 584 (1st Cir.) (stating, in dicta, that case is "sufficiently weak on the merits" to preclude second guessing of the Federal Circuit's determination that transfer was not " 'in the interest of justice' ") cert. denied; 498 U.S. 895 (1990) Galloway Farms, Inc. v. United States, 834 F.2d 998, 1000 (Fed. Cir. 1987) ("The phrase 'if it is in the interest of justice' relates to claims which are nonfrivolous and as such should be decided on the merits."); Zinger Const. Co., Inc. v. United States, 753 F.2d 1053, 1055 (Fed. Cir. 1985) (finding transfer would not be "in the interest of justice" where there was no merit to underlying claim).
 
 
 9
 We conclude that DiManno's attempt to relitigate the issue of federal subject matter jurisdiction is barred by the doctrine of res judicata. "Although a dismissal for lack of jurisdiction does not bar a second action as a matter of claim preclusion, it does preclude relitigation of the issues determined in ruling on the jurisdiction question." 18 C. Wright, A. Miller and E. Cooper, Federal Practice and Procedure Sec. 4436 at 340. See Railway Labor Executives' Ass'n v. Guilford Transp. Indus., Inc., 989 F.2d 9, 11 (1st Cir. 1993); Walsh v. Int'l Longshoremen's Ass'n, AFL-CIO, 630 F.2d 864, 870 (1st Cir. 1980).
 
 
 10
 DiManno's first federal action asserted the same basis of jurisdiction (Sec. 1338(a)) for essentially the same claims as his second federal action. In both complaints, he sought a determination that the Assignment and License Agreement were invalid, leaving him the sole owner of the Patent. In both complaints, DiManno relied upon 35 U.S.C. Sec. 261 in support of his arguments. The district court dismissed the first action for lack of federal subject matter jurisdiction. The Federal Circuit affirmed that dismissal. DiManno, therefore, is barred from relitigating the issue of whether the district court has Sec. 1338(a) jurisdiction over essentially the same claims as those asserted in his first federal complaint.
 
 
 11
 Given our finding that res judicata applies to bar this second federal court action, we conclude that it would not be "in the interest of justice" to transfer the appeal to the Federal Circuit. Therefore, we dismiss this case for lack of appellate jurisdiction.