**Miguel Angel GIANELLI, et al. Plaintiffs,**

**v.**

**Norberto Julio CHIRKES, Defendant.**

**No. Civ.A. 03–2561(JDB).**

United States District Court, District of Columbia.

June 29, 2005.

Paul Saul Haar, Washington, DC, Fernando Koatz, John P. Gleason, Gleason & Koatz, New York, NY, for Plaintiffs.

Richard S. Sanders, Sullivan & Worcester LLP, Boston, MA, Orlando E. Vidal, Sullivan & Worcester LLP, Washington, DC, for Defendant.

## MEMORANDUM OPINION AND ORDER

BATES, District Judge.

Plaintiffs Miguel Angel Gianelli ("Gianelli") and Fusilamp, S.A. have filed this declaratory judgment action, pursuant to 28 U.S.C. § 2201, against defendant Norberto Julio Chirkes ("Chirkes"), alleging that Chirkes engaged in wrongful conduct and made false and wrongful claims and representations pertaining to ownership of the United States Letter Patent No. 5,598,138 (hereinafter "the 138 patent"). Defendant has now moved to dismiss plaintiffs' Complaint for lack of subject matter and personal jurisdiction, pursuant to Fed. R.Civ.P. 12(b)(1) and 12(b)(2). For reasons explained below, the Court grants defendant's motion to dismiss for lack of subject matter jurisdiction.

## BACKGROUND

On January 3, 1995, the United States Patent and Trademark Office ("USPTO") issued the 138 patent to Joseph P. Jaronczyk, Jr., for his invention of the "fault-indicating blade fuse." *See* Compl. ¶ 5. Over five years later, on October 2, 2000, Mr. Jaronczyk's wife, Carolyn Jaronczyk, assigned her husband's right, title, and interest in and to the 138 patent to Chirkes and Gianelli. *See id.* ¶ 7. Plaintiffs allege that in 2001, Chirkes assigned all of his right, title, and interest in and to the 138 patent to Fusilamp, S.A. (hereinafter "the Chirkes assignment"). *Id.* ¶ 8. Plaintiffs further allege that the Chirkes assignment occurred during a series of three agreements dated September 18,

2001, November 14, 2001, and November 30, 2001. *See* Compl. ¶ 8. The USTPO recorded the Chirkes assignment on November 13, 2002. *See id.* ¶ 9.

On December 17, 2003, plaintiffs filed their Complaint in this action alleging that Chirkes wrongfully claims he possesses the 138 patent and manifests this claim by marketing and distributing the fault-indicating blade fuse that is the subject of the 138 patent. *See* Compl. ¶¶ 12–13. Plaintiffs also allege that Chirkes is aware that plaintiffs are the "sole owners" of the 138 patent, and that Chirkes continues to "falsely" represent himself as "possessing rights" to the 138 patent while engaging in "competitive conduct" with the patent. *Id.* ¶¶ 12–16.

### STANDARD OF REVIEW

 Under Fed.R.Civ.P. 12(b)(1), the plaintiff bears the burden of establishing that the court has subject matter jurisdiction. *See Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F.Supp.2d 9, 13 (D.D.C.2001) (a court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority"); *see also Pitney Bowes, Inc. v. United States Postal Serv.*, 27 F.Supp.2d 15, 18 (D.D.C.1998). Although a court must accept as true all the factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1), *see Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517, (1993), a court may consider material other than the allegations of the complaint in determining whether it has jurisdiction to hear the case. *See, e.g., EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 n. 3 (D.C.Cir. 1997); *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C.Cir.1992); *Artis v. Greenspan*, 223 F.Supp.2d 149, 152 (D.D.C.2002) ("A court may consider material outside of the pleadings in ruling on a motion to dismiss for lack of venue, personal jurisdiction or subject-matter jurisdiction.").

### ANALYSIS

 In a declaratory judgment action under 28 U.S.C. § 2201, it is beyond dispute that plaintiffs cannot rely upon § 2201 for subject matter jurisdiction, but instead must establish an independent basis for jurisdiction. *See C & E Services, Inc. of Washington v. District of Columbia Water and Sewer Authority*, 310 F.3d 197, 201 (D.C.Cir.2002). Similarly, while 35 U.S.C. § 293 may give the Court personal jurisdiction over defendant,[1] it too does not

---

1. Defendant also argues that the Court does not have personal jurisdiction over him because the plaintiffs have alleged that he no longer retains any interest in the 138 patent. *See* Def. Mot. at 3. However, 35 U.S.C. § 293 is a long-arm statute providing the United States District Court for the District of Columbia with exclusive jurisdiction with respect to certain patent matters involving foreign patentees. *See Riker Labs., Inc. v. Gist–Brocades N.V.*, 636 F.2d 772, 776 (D.C.Cir. 1980), *abrogated on other grounds by Nat'l Patent Dev. Corp. v. T.J. Smith & Nephew Ltd.*, 877 F.2d 1003, 1005 (D.C.Cir.1989) (en banc). Furthermore, 35 U.S.C. § 100(d), defines the term "patentee" as "includ[ing] not only the patentee to whom the patent was issued *but also the successors in the title to the patentee.*"

(emphasis added). Therefore, the fact that plaintiffs have alleged that defendant no longer has any interest in the 138 patent is irrelevant, as § 293 clearly contemplates jurisdiction over more than the current patentee. Plaintiffs allege that defendant had an interest in the 138 patent in 2000, *see* Compl. ¶ 5, and as such defendant is a "patentee" under § 293. Finally, there is no doubt plaintiffs' Complaint is an "action respecting the patent or rights thereunder" and therefore this court has personal jurisdiction over defendant. *See National Patent Dev. Corp.*, 877 F.2d at 1007 (holding that "a suit over patent ownership surely respects or affects rights under a patent" and that such suits will confer personal jurisdiction over a defendant under § 293).

provide subject matter jurisdiction. *See National Patent Dev. Corp.,* 877 F.2d at 1009 ("Section 293 does not supply subject matter jurisdiction...."). Plaintiffs, therefore, contend that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a), which confers jurisdiction for actions arising under the patent laws of the United States. *See* Compl. ¶ 4. In relevant part, § 1338 states: "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, copyrights and trade-marks. Such jurisdiction shall be exclusive of the courts of the states in patent and copyright cases."

■ Chirkes argues that plaintiffs' claims actually arise under contract law, and that there is no basis in the United States patent law for subject matter jurisdiction under § 1338. *See* Def. Mot. at 4. In assessing whether there is a claim arising under patent law for purposes of § 1338, the Court begins with the allegations in plaintiffs' Complaint. *See Jim Arnold Corp. v. Hydrotech Sys., Inc.,* 109 F.3d 1567, 1576 (Fed.Cir.1997) ("To determine whether § 1338 jurisdiction attaches, the court must look to see whether the plaintiff has stated in a well-pleaded complaint, a claim arising out of patent laws."). Plaintiffs' single declaratory judgment claim alleges that plaintiffs are the sole owners of the 138 patent, and that Chirkes has wrongfully proclaimed that he owns it. *See* Compl. ¶¶ 12–16. Plaintiffs also allege that they took sole possession of the 138 patent as a result of an assignment from Chirkes, which is contained in three separate agreements. *Id.* ¶ 8. For purposes of jurisdiction, plaintiffs have pled that their claim arises under 35 U.S.C. § 261 of the patent laws, which governs the assignment of patents. *Id.* ¶ 4. Plaintiffs do not make any allegations of infringement by Chirkes, nor do they cite any patent law statute other than 35 U.S.C. § 261. Essentially, plaintiffs' Complaint concerns the validity of the alleged assignment of the 138 patent by Chirkes to Fusilamp, S.A., and therefore the question before the Court is whether that is a claim arising under the patent laws of the United States.

Generally, patent ownership and assignments under 35 U.S.C. § 261 do not present claims arising under the patent laws, but instead are contract questions for state courts. *See Int'l Nutrition Co. v. Horphag Research Ltd.,* 257 F.3d 1324, 1329 (Fed.Cir.2001) ("[The] question of who owns the patent rights and on what terms typically is a question exclusively for state courts, and not one arising under United States patent laws."); *see also Pratt v. Paris Gaslight & Coke Co.,* 168 U.S. 255, 260, 18 S.Ct. 62, 42 L.Ed. 458 (1897) ("federal courts have no right, ... for the specific execution of a contract for the use of a patent, or of other suits where a subsisting contract is show[n] governing the rights of the party in the use of an invention, and that such suits not only may, but must be brought in the state courts"); *Jim Arnold Corp.,* 109 F.3d at 1572 ("the question of who owns the patent rights and on what terms typically is a question exclusively for state courts").

Yet, in *Crown Die & Tool Co. v. Nye Tool & Machine Works,* the Supreme Court found that an issue regarding the validity of an assignment did arise under patent law, constituting a federal question under § 1338, where the outcome of the suit was based on the validity of the patent. 261 U.S. 24, 33, 43 S.Ct. 254, 67 L.Ed. 516 (1923). However, in *Beghin–Say Int'l Inc. v. Ole–Bendt Rasmussen,* the Court of Appeals for the Federal Circuit distinguished *Crown Die* from typical assignment disputes in that it "involved the effect of a statute on an existing unchallenged assignment of a right to sue upon an existing patent." 733 F.2d 1568,

1571 (Fed.Cir.1984). That court considered a dispute over an assignment involving certain agreements that were interpreted as creating an assignment and their subsequent recordation. *Id.* The court found that these issues constituted "a contract suit, pure and simple, and . . . not a suit under . . . § 1338(a)," and that "the sole question" raised by the complaint involved the interpretation of contracts pertaining to patent ownership. *See id.* The court also found that the declaration of an assignment's validity could not establish a basis for federal jurisdiction over such a contract dispute. *Id.* at 1572; *see also Hanes Corp. v. Millard*, 531 F.2d 585, 594 n. 8 (D.C.Cir.1976) (in a declaratory judgment action regarding the validity and scope of a patent, there was no "arising under" jurisdiction for plaintiff's claim of patent validity).

In *DiManno v. Such, Throtonics*, 30 F.3d 126, 1994 WL 390172 (1st Cir.1994), a case closely analogous to the present case, appellant had sought a declaration that he was sole owner of a patent and that an assignment allegedly made to the appellees was void. The First Circuit upheld the district court's dismissal of the complaint for lack of subject matter jurisdiction because " '[a]t most, [appellant] has challenged the validity of the assignment of his patent to the defendants and the outfall of that assignment. That is a contractual dispute which does not implicate any rights under the patent itself.' " *See id.,* at.*1 (quoting district court's decision in *DiManno v. Jay Such and Throtonics, No. 91–10099–MA* (citations omitted)). In another similar case, *Omaha Cold Storage Terminals, Inc. v. Cunningham,* 1986 WL 15548 (N.D.Iowa), a plaintiff requested that a district court declare him the owner of a patent and that defendant possessed no ownership interest in the patent. The court dismissed the case for lack of subject matter jurisdiction because such requests did not arise under federal patent laws, and to the extent any questions in the case did involve patent laws, they "are conditioned upon plaintiff's securing relief as to its ownership claim." *Id.*

In the present case, the validity of the patent, its enforceability, and plaintiffs' request for a declaratory judgment declaring them sole owners of the 138 patent (*see* Compl. ¶ 17) are entirely conditioned upon the existence, interpretation, and validity of the Chirkes assignment and the underlying agreements between plaintiffs and defendant. That is solely a contract dispute and does not arise under the patent laws. Were this Court to hear plaintiffs' claim, the sole question for the Court would be whether or not the Chirkes assignment and the three 2001 "agreements" were valid and enforceable, issues which are determined solely by contract law. Although this case concerns a patent, it thus remains a contract dispute, pure and simple. Because the present case does not arise under the patent law, then, 35 U.S.C. § 1338(a) does not confer subject matter jurisdiction. As there is no other basis for subject matter jurisdiction, the Court will dismiss plaintiffs' Complaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction.

Accordingly, it is this *29th* day of June 2005, hereby

**ORDERED** that defendant's motion to dismiss is GRANTED; and it is further

**ORDERED** that this action is dismissed in its entirety.